334 So.2d 89 (1976)
Ellen-Sue MOSS-JACOBER, Appellant,
v.
Michael M. MOSS, Appellee.
Nos. 75-1872, 75-1873 and 75-1856.
District Court of Appeal of Florida, Third District.
May 18, 1976.
Rehearing Denied July 6, 1976.
*90 Paul E. Gifford, Miami, for appellant.
Richard P. Kenney, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Appellant, Ellen-Sue Moss, seeks reversal of an order setting aside a separation and property settlement agreement on the grounds of unconscionability and overreaching.
After ten years of stormy marriage, Ellen-Sue Moss in June 1973 petitioned for dissolution of marriage. The marriage was dissolved and incorporated into the judgment was a separation and property settlement prepared by Ellen-Sue's attorney and agreed to by her husband Michael, appellee, without benefit of legal counsel. Pursuant to the terms of the agreement, Ellen-Sue was awarded custody of the three minor children, Michael's equity in the marital residence, the furniture and furnishings, the 1973 Thunderbird, and the checking and savings accounts totaling $3,500. Michael was also required to pay Ellen-Sue $1,200 monthly for child support, make the monthly mortgage payments on the house and car payments on the Thunderbird, keep the children on his health insurance policy and purchase a $62,000 decreasing term life insurance policy naming Ellen-Sue as beneficiary. Both parties remarried and in 1975 Michael Moss petitioned to modify the 1973 agreement on the grounds that it is unconscionable and a product of undue influence and overreaching on the part of Ellen-Sue. After hearing, the chancellor entered his order setting aside the 1973 agreement on the grounds it was outrageously unconscionable and the product of Ellen-Sue's overreaching. He also noted in his order that the court, at the time of the entry of the dissolution had been led to believe that the patently oppressive provisions of the agreement were in some measure reflective of the fault and/or the desire of Michael himself. "In actuality the circumstances were completely otherwise." Ellen-Sue was then awarded $300 per month per child as support, and Michael ordered to keep the three children on his hospitalization policy.
Appellant basically contends the chancellor erred in setting aside the 1973 separation and property settlement agreement. We cannot agree.
*91 The law is well established that a separation, support or property settlement agreement obtained by fraud, overreaching concealment, duress or coercion is not binding and a court which has entered a decree based upon, or incorporating, such an agreement may set aside and annul it. See Miller v. Miller, 134 Fla. 725, 184 So. 672 (1938); Gelfo v. Gelfo, Fla.App. 1967, 198 So.2d 353 and 10A Fla.Jur. Dissolution of Marriage § 24 (1973). We find the chancellor's determination that the instant separation and property settlement agreement is unconscionable and a product of overreaching is supported by its oppressive terms with respect to appellee, his testimony as to the circumstances surrounding the making of the agreement and the fact that he was without legal representation.
In addition, we point out that the chancellor in his order found he initially had been misled in June 1973 as to these circumstances surrounding the agreement, a paramount reason to set it aside.
Appellant further contends the chancellor erred in modifying the separation agreement and final judgment so as to reduce the termination of child payments from 21 to 18 years of age. This point is well taken.
The property settlement agreement incorporated into the June 29, 1973 final judgment provided that Michael pay $1,200 per month for the support of the minor children and "said support and maintenance will continue until the children have reached the age of 21 years ..."
§ 743.07, Fla. Stat. (effective July 1, 1973) lowering the attainment of majority status from 21 to 18 years of age having only prospective application [§ 743.07(3), Fla. Stat.], we find the chancellor erred as to that provision of the modification order directing Michael to pay support of $300 per month per child until the respective child reaches the age of 18 years, and modify this provision to read that he pay support of $300 per month per child until the respective child reaches the age of 21 years. See Daugherty v. Daugherty, Fla. 1975, 308 So.2d 24; Finn v. Finn, Fla. 1975, 312 So.2d 726; Dalton v. Dalton, Fla.App. 1974, 304 So.2d 511; Nevins v. Nevins, Fla.App. 1974, 305 So.2d 63.
Having reviewed appellant's remaining points on appeal and concluding that no reversible error has been made to appear, the order is affirmed as modified.