337 So.2d 1011 (1976)
Kenneth N. KRISCHER, Appellant,
v.
Iris R. KRISCHER, Appellee.
No. 75-1655.
District Court of Appeal of Florida, Third District.
September 14, 1976.
Marks, Keith, Mack & Lewis, Miami, for appellant.
Sandler & Sandler, Miami, for appellee.
Before HENDRY and HAVERFIELD, JJ., and LESTER, M. IGNATIUS, Associate Judge.
PER CURIAM.
Respondent-appellant, Kenneth Krischer, seeks reversal of an order modifying final judgment of divorce by increasing the amount of child support from $225 ($75 per child) per month to $350.
On January 27, 1969 Kenneth and Iris Krischer were divorced and pursuant to the final judgment Kenneth was ordered to pay $225 monthly as child support and $150 monthly as alimony. After several disputes over the amount of these payments, the parties on March 28, 1973 entered into a stipulation whereby Iris agreed to forbear from asking for modification of alimony or child support until Kenneth completed medical school in July 1975. However, in January 1975 Iris filed a petition for modification which was denied without prejudice until July. In July Iris filed the same petition which was noticed for hearing on September *1012 11. Kenneth answered and requested the petition be denied, and custody of the children be awarded to him. On August 28 Iris filed motions for more definite statement (directed to the matter of child custody) and for temporary counsel fees. These motions were also scheduled for hearing on September 11. On that date, over Kenneth's objection on the grounds of improper notice, the chancellor heard the petition for modification. Without reading the depositions of the parties, the chancellor entered the appealed modification order based upon Iris' unsworn financial affidavit. Kenneth objected on the grounds the financial affidavit was inaccurate and incomplete.
Kenneth first contends the chancellor erred in hearing the modification petition on September 11 when Iris subsequently filed motions for more definite statement and temporary attorney's fees also noticed for hearing on the same date. The record reflects that the hearing on the modification petition for September 11 was properly noticed and served upon Kenneth. The chancellor being thoroughly familiar with the history of the case and fully aware of the financial condition of the parties, we conclude this point is lacking merit. Cf. Hagen v. Hagen, 308 So.2d 41 (Fla. 3d DCA 1975).
Kenneth secondly argues that the chancellor erred in modifying the amount of child support in that he considered Iris' five month old and incomplete financial affidavit and did not permit Kenneth to testify as to his financial inability to pay the increased support.
There being sufficient competent evidence to support the modification order of the chancellor and this court not having the prerogative to substitute its judgment for that of the chancellor through re-evaluation of the evidence contained in the record on appeal, we find no abuse of discretion on the part of the chancellor. See Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
Affirmed.