PER CURIAM.
The appellant, Ellynn Josephs, appeals a final judgment of dissolution of marriage and an amended order altering the final judgment. The amended order was entered pursuant to timely petitions for rehearing filed by each of the parties. Michael Josephs, the former husband, cross-appeals the award of periodic alimony to the former wife.
After a final hearing, a final judgment of dissolution of marriage was entered. The wife was awarded, among other things, the sum of $75,000 as lump sum alimony, $1,000 per month for twelve months as rehabilitative alimony, all their wedding gifts and an automobile.
The husband was awarded, among other things, the marital home of the parties with an approximate value of $150,000, the furniture therein of approximately $20,000, a Porsche automobile valued at $10,000, a one-half interest in a 35 foot Trojan Sports Fisherman boat valued at $11,000, $5,000 to be returned to the husband from the wife, all his personal assets, $850 from the wife *207 which the husband had advanced as a security rental deposit, and their dog.
Motions for rehearing were timely filed and, by order of the court, the lump sum alimony of the wife was reduced from $75,-000 to $9,150. The order changed the award of rehabilitative alimony to the-wife to $1,800 a month for forty months with provision that it would cease upon her remarriage, the death of the husband, or a change in the economic status of the parties. The order awarded her attorney fees of $7,500, made disposition of various household goods and small personal items to the parties and required the wife to reimburse the husband for an additional $1,800 for charges made by her against his credit since the filing of the petition for dissolution.
The appellant wife’s main contention is that the trial judge abused his discretion in the award of lump sum alimony of $9,150 and periodic alimony of $1,800 per month. It is urged that because most of the money earned by the wife and the husband was channeled through a joint checking account, the wife should receive one-half of all the assets purchased from the joint checking account. She also urges that the attorney fee awarded is not adequate in that it does not represent a reasonable payment for the time and effort expended by her attorney. Lastly, she urges that the record does not support the award of certain personal property to the husband.
The husband, on cross-appeal, claims that the trial judge abused his discretion in that the amount of periodic alimony is excessive.
We find no reversible error upon the amounts allowed as lump sum alimony and the periodic alimony. See Herzog v. Herzog, 346 So.2d 56 (Fla.1977); Shaw v. Shaw, 334 So.2d 13 (Fla.1976); and Krischer v. Krischer, 337 So.2d 1011 (Fla. 3d DCA 1976). The trial judge as the trier of fact was not compelled to find a constructive trust for the wife’s benefit in all the funds which passed through the joint checking account. See the principle of law in Wilson v. Wilson, 279 So.2d 893 (Fla. 4th DCA 1973).
The trial judge’s award of certain items of personal property to each party is supported by the record and was based upon conflicting testimony concerning the ownership and the equities of the parties. The award will not be reversed on appeal in the absence of a showing of a clear abuse of discretion. See Tucker v. Tucker, 306 So.2d 164 (Fla. 2d DCA 1975). The same principle applies to the amount of the award as attorney’s fees. See Campbell v. Campbell, 220 So.2d 920 (Fla. 4th DCA 1969).
Affirmed.