KEHOE, Judge.
Appellant, plaintiff below, brings this appeal from an order on motions for custody, *87 modification, visitation, contempt, and child support, entered by the trial court on September 28, 1977.
Appellant first contends that the trial court abused its discretion in denying his motion for modification of child support. We disagree. The actions of the trial court are adequately supported by the record and appellant has failed to show any clear abuse of discretion. See, e. g., Krischer v. Krischer, 337 So.2d 1011 (Fla. 3d DCA 1976); Kalmutz v. Kalmutz, 299 So.2d 30 (Fla. 4th DCA 1974); Simonet v. Simonet, 279 So.2d 35 (Fla. 4th DCA 1973); and Morse v. Morse, 191 So.2d 449 (Fla. 3d DCA 1966).
Appellant’s second point is that the trial court erred in finding him in contempt of court for furnishing certain medical care to the parties’ minor child. In our opinion, this contention is not supported by the record or the order appealed; the trial court did not find appellant in contempt of court. However, because the following language found in paragraph 3 on page 3 of the trial court’s order could be construed as implying such a finding, we feel that this language should be stricken from the order:
“. . . however, the court withholds adjudication and sanctions subject to Respondent in the future complying with all of the Orders of this court; . . .”
Further, we hold that the trial court did not abuse its discretion by requiring each party to pay their own attorneys’ fees. See § 61.16, Fla.Stat. (1975).
Affirmed as modified.