374 So.2d 18 (1979)
Albert FAGAN, Appellant,
v.
Gertrude LEWIS, Appellee.
Nos. 77-2693, 77-2694.
District Court of Appeal of Florida, Third District.
July 3, 1979.
Rehearing Denied September 6, 1979.
*19 Joe N. Unger, Edward A. Sirkin, Miami, for appellant.
Goodhart & Rosner, James F. Dougherty, III and John L. Zavertnick, Miami, for appellee.
Before HENDRY, J., and CHARLES CARROLL (Ret.) and TYSON, ROBERT W., Jr., Associate Judges.
TYSON, ROBERT W., Jr., Associate Judge.
Albert Fagan takes this appeal from a final judgment denying his petition for modification of a property settlement agreement entered into with his former wife, Gertrude Lewis, in connection with a 1952 divorce decree. We affirm, holding: (a) that the property settlement agreement in question is not subject to modification since the payments required by it were bargained for in return for the former wife's release of all other claims against appellant; and (b) even if the agreement were subject to modification, there was no substantial change in the financial status of the parties justifying its modification.
The parties were divorced in 1952 after 27 years of marriage. Incorporated within the divorce decree was a property settlement agreement in which, among other things, Mr. Fagan promised to pay $170 per week to Mrs. Lewis for her support and maintenance in discharge of his legal obligation to her. In return, she waived all other provisions for maintenance, support, alimony, counsel fees and court costs.
Although both parties have long since remarried, Mr. Fagan continued to make the payments required under the agreement until July 1976 when he unilaterally terminated all support[1] and filed a petition for modification requesting: (a) a judgment returning all back "alimony" allegedly wrongfully paid to the appellee; (b) an order stopping all future "alimony" payments; and (c) a declaration that all payments made were wrongfully accepted by the appellee. Mrs. Lewis answered and counterclaimed for the back payments unpaid since July 1976. After a full hearing, the trial court denied the petition for modification and awarded Mrs. Lewis the sum of $12,240 representing the existing arrearage under the agreement.
The facts adduced below indicate that Mr. Fagan acquired substantial wealth both during and after his marriage to Mrs. Lewis when he attained the position of a senior partner in a prominent New York brokerage firm. The record shows and the trial court found that Mr. Fagan has liquid assets exceeding $324,000 which generate some $24,000 per year in tax exempt income. In addition to his own wealth, Mr. Fagan's current wife receives approximately $11,000 annually from a capital asset given to her by her husband. Although Mr. Fagan sold his partnership interest in his brokerage business in 1976 and resettled in Florida, his standard of living remained *20 high and he indulged himself in possessions, activities and travel.
Mrs. Lewis and her present husband have a joint income of approximately $18,000 per year which she receives in addition to the weekly support payments made by appellant. The Lewises have a combined net worth of some $125,000.
Evidence was adduced below showing that Mr. Fagan took an alimony deduction on his income taxes for the support payments made to Mrs. Lewis under the agreement. This deduction was permitted by the Internal Revenue Service after considerable discussion between Mr. Fagan's accountants and the IRS. By his own admission, Mr. Fagan sought to modify the support payments following his retirement when he no longer had any need for the alimony tax deduction since he currently enjoys exclusively tax-free income.
Initially, we must determine whether or not the weekly $170 payments to Mrs. Lewis were alimony payments or were given in return for the waiver of certain legal rights to the appellant's property. For the reasons which follow, we consider the payments in question were given as a property settlement and were not modifiable.[2]
The pertinent part of the property settlement agreement specifically provides:
"That while the said parties shall both remain alive, the first party [Mr. Fagan] shall pay to the second party [Mrs. Lewis], the sum of $220.00 per week for a period of three months to commence on Friday, October 12th, 1951 and to continue to and including January 11th, 1952, to be paid to her by a good check, at any address designated by her in writing, on Friday of each and every week, and thereafter, beginning January 18th, 1952, the sum of $170.00 per week, for her support and maintenance in discharge of the legal obligation of the first party, out of which sum so received, the second party shall pay the premiums on the four life insurance policies on the life of the first party, which have been assigned to her and of which she is the beneficiary."
From 1952 until he terminated the payments in 1976, Mr. Fagan continued to pay the agreed sum despite his many opportunities to request modification during the intervening period. He has never heretofore challenged these payments.[3]
We believe that the property settlement agreement was more than fair to the appellant and should be enforced. In this regard we note that the agreement explicitly provided that the weekly payments were to be made "... [I]n lieu of any other provisions for [Mrs. Lewis'] maintenance and support and in lieu of other provisions for alimony, counsel fees or costs."
Although a separation agreement incorporated in a divorce decree may be subject to modification in the proper circumstances, the rights of the parties under that agreement should depend upon its underlying purpose and the facts of each particular case. Fort v. Fort, 90 So.2d 313 (Fla. 1956). However, when the terms clearly reflect its character as a property settlement agreement in which the rights of the parties become fixed and vested, the agreement is not subject to modification. White v. White, 338 So.2d 883 (Fla. 3d DCA 1976), cert. denied, 352 So.2d 176 (Fla. 1977). Applying this criteria sub judice, we conclude that the property settlement agreement was not modifiable.
We are concerned with the substance and not the form of the payments. The fact that they may have been termed alimony by either party or that it may have been advantageous from a tax viewpoint *21 for the appellant to label them alimony, is not conclusive where the agreement and the attendant circumstances indicate otherwise. Underwood v. Underwood, 64 So.2d 281 (Fla. 1953).
The agreement clearly provides that these payments were in lieu of alimony. Logically, they cannot be considered alimony if they are required as a substitute for alimony. Since these payments were meant for the wife's periodic support and were bargained for in return for the waiver of all claims she may have had against the appellant, we consider them not subject to modification under the provisions of Section 61.14, Florida Statutes (1977). Underwood v. Underwood, supra; Rothenheber v. Jessup, 360 So.2d 798 (Fla. 2d DCA 1978); Horton v. Horton, 330 So.2d 69 (Fla. 1st DCA 1976); Gilbert v. Gilbert, 312 So.2d 511 (Fla. 3d DCA 1975); Howell v. Howell, 164 So.2d 231 (Fla. 2d DCA 1964).
We have carefully considered the appellant's contention that the trial court erred in awarding $3,500 in attorneys' fees to the appellee and find no abuse of discretion has been shown. Josephs v. Josephs, 357 So.2d 206 (Fla. 3d DCA 1978).
Affirmed.
NOTES
[1] Mrs. Lewis' remarriage had no effect upon the requirements of the property settlement agreement since it provided that it was subject to termination only in the event of the death of either party. Further, it is uncontradicted that Mr. Fagan paid all support payments for the entire period indicated except for a three-week hiatus in March of 1973. He was adjudicated in contempt for his failure to make these payments. No appeal was ever taken from that order, and appellant has made all back payments.
[2] The trial court made certain findings of fact upon which it based its conclusion that the payments required by the settlement agreement were not modifiable. These findings were supported by competent evidence and will not be disturbed upon appeal. Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976).
[3] Appellant never responded with a petition for modification or otherwise challenged the validity of the support payments when the appellee brought contempt proceedings in 1973 to compel payment of the existing arrearage.