385 So.2d 151 (1980)
Charles E. McGUIRE, II, Appellant,
v.
Pamela V. McGUIRE, Appellee.
No. 79-1737.
District Court of Appeal of Florida, Third District.
June 24, 1980.
Nelson & Nelson and Stephen H. Nelson, Hialeah, for appellant.
Sepler & Berrin and Richard M. Sepler, Hialeah, for appellee.
Before SCHWARTZ and DANIEL S. PEARSON, JJ., and PEARSON, TILLMAN (Ret.), Associate Judge.
DANIEL S. PEARSON, Judge.
The husband appeals from the trial court's denial of his petition to set aside and vacate the final judgment of divorce and a property settlement agreement between the parties. The husband's claim that the agreement was procured by overreaching, duress and coercion was, as the trial court found, overwhelmingly belied by his own admissions that (a) a ten-minute discussion with his wife led to his assent; (b) the agreement, except for his conveyance of his share of the minimal equity in the marital home, was substantially the same as an unchallenged temporary allowance agreement he had made several months before; (c) he acknowledged to the trial judge that he understood the agreement and it was entered into by him freely and voluntarily, without coercion or duress[1]; and (d) significantly, he agreed to its terms because at that time he was living frugally at home.
Moreover, under the parties' circumstances, nothing about the agreement was unconscionable or oppressive.[2] Essentially, the agreement provided that the wife waive all claims to rehabilitative or permanent alimony in exchange for the husband's $3,000 share of the marital home, each assume certain minor debts, each pay his and her *152 own attorney, and the husband pay minimal child support and provide medical insurance for the child.
Until now we have omitted the heart of the husband's claim. He says that because he was without legal representation at the time he agreed, at the time he confirmed his agreement to the court, and at the time he executed the written instrument, the trial court erred in denying him relief.[3]Moss-Jacober v. Moss, 334 So.2d 89 (Fla. 3d DCA 1976), does not, as he suggests, stand for the proposition that a party is entitled to set aside a voluntary and patently fair agreement on the ground that such party entered into it without the assistance of counsel. The lack of representation in Moss-Jacober was not critical to that decision. Instead, that case turns on the fact that the agreement was "outrageously unconscionable," was a product of undue influence established by competent testimony, and that the trial court (observing that the agreement was patently oppressive) was misinformed by the advantaged wife that the agreement was masochistically brought about by the husband.[4] The fact that in Moss-Jacober the husband was without legal representation served only to corroborate that the husband, without the insulating effect of counsel, was more susceptible to undue influence and less enlightened about the agreement's oppressive terms.
Affirmed.
NOTES
[1] The meeting of the minds occurred shortly before a court hearing on January 15, 1979. Nine days later, the agreement was reduced to writing, and the husband, still without protest, executed it.
[2] In fact, the trial judge remarked that the agreement was less onerous to the husband than what the court would have awarded the wife.
[3] The husband had an attorney until several weeks before the final hearing. When this attorney withdrew, the husband chose not to hire new counsel until he decided to move to set aside the agreement. This action was taken within a month of the entry of final judgment.
[4] Unlike the present case, the husband in Moss-Jacober was not before the court when the agreement was presented.