392 So.2d 943 (1980)
Olga K. BUBENIK, Appellant,
v.
Joseph G. BUBENIK, Appellee.
No. 80-149.
District Court of Appeal of Florida, Third District.
December 23, 1980.
Rehearing Denied February 13, 1981.
William C. Lewis, Coral Gardens, for appellant.
Stabinski, Funt, Levine & Vega and Regina F. Zelonker, Miami, for appellee.
Before HUBBART, C.J., SCHWARTZ, J., and LILES, WOODIE A. (Ret.), Associate Judge.
LILES, WOODIE A. (Ret.), Associate Judge.
Olga K. Bubenik and Joseph G. Bubenik were married September 12, 1973. Prior to filing the instant petition for dissolution of marriage, Olga K. Bubenik consulted her attorney, William C. Lewis, and requested her husband to give Mr. Lewis a call so that the dissolution and other matters could go forward to resolution. Mr. Bubenik called Mr. Lewis and, by appointment, visited his office. He was shown a copy of a requested property settlement agreement. Mr. Bubenik made several changes in the agreement, some of which were to the benefit of his wife. He thereupon signed it and the same day a petition for dissolution was filed.
*944 When the matter came on before the trial judge for hearing, he specifically found that there was no fraud, deceit, duress, coercion or overreaching on the part of the petitioner or her attorney in arriving at the property settlement agreement and that there was no impropriety in the actions of Mr. Lewis. However, the trial judge set the agreement aside, holding that the husband did not understand his legal rights and obligations; that he should have had an attorney of his own choosing; and that, by virtue of his attitude during the trial, the husband was in a conciliatory frame of mind in hopes that his wife would reconcile with him.
Having set the property settlement agreement aside, the trial judge went on to find that the husband had a special equity in a parcel of property which had heretofore been agreed upon in the property settlement agreement.
The law is quite clear regarding the setting aside of property agreements when entered into by knowing adults. All of the cases we are aware of require an allegation and proof of either fraud, duress, deceit, coercion, or overreaching on the part of the party obtaining the agreement. We know of no case where a property settlement agreement can be set aside on the grounds that one of the parties had not retained his or her own counsel at the time of the signing. The husband in the instant case was an airline pilot; he and his wife lived apart from each other at the time of the filing of the petition and had been so residing for some time. The agreement was rather simple, but the primary factor here is that the court found, and so stated in the final decree, that there was no impropriety on the part of either the wife or her attorney and then, for the reasons stated, set the agreement aside.
We therefore remand and reverse, with directions to the trial judge to enter his order, after appropriate hearing, based upon the principles set forth in the cases of Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962); Pemelman v. Pemelman, 186 So.2d 552 (Fla. 2d DCA 1966); Belcher v. Belcher, 271 So.2d 7 (Fla. 1972); Bailey v. Bailey, 300 So.2d 294 (Fla. 4th DCA 1974); Hicks v. Hicks, 313 So.2d 64 (Fla. 4th DCA 1975); Moss-Jacober v. Moss, 334 So.2d 89 (Fla. 3d DCA 1976); McGuire v. McGuire, 385 So.2d 151 (Fla. 3d DCA 1980).
Reversed and remanded, with directions.