PER CURIAM.
The final judgment of marriage dissolution under review is reversed and the cause is remanded to the trial court with directions to enforce the property settlement entered into between the parties by incorporating same in the final judgment of marriage dissolution. Viewing the evidence in the record in a light most favorable to the appellee, we conclude that the evidence is legally insufficient to support the trial court’s ruling which set aside the property settlement agreement between the parties.
First, the evidence, as so viewed, does not support the trial court’s finding that the subject agreement was the product of “coercion, overreaching, and pressure.” The wife, without dispute, signed the agreement with full knowledge of what it provided, after a conference with the husband and against the advice of her lawyer who had previously reviewed the agreement. She later expressly stated in a letter to the husband’s counsel [refusing to appear for deposition] that she did not want any alimony and was satisfied with the provisions of the agreement giving her the marital home free and clear. In open court, at the final hearing she repeated her long-standing po *795 sition with reference to the agreement; the trial court, however, was concerned about her competency and ordered a psychiatric evaluation. That evaluation clearly established that the wife was competent to enter into the agreement; the wife then restated her position to the court at the second phase of the final hearing, but, after a recess, was induced to change her mind subsequent to consulting with her counsel. Plainly, there was no evidence at all that the husband coerced, overreached or pressured the wife to enter into the subject agreement, and, as such, the agreement should have been enforced by the trial court. Miller v. Miller, 149 Fla. 722, 7 So.2d 9 (1942); Bubenik v. Bubenik, 392 So.2d 943 (Fla. 3d DCA 1980); Bare v. Bare, 120 So.2d 186 (Fla. 3d DCA 1960).
Second, the subject property settlement agreement, contrary to the court’s finding, was not “unconscionable” in any way. Indeed, the trial court acknowledged as much by enforcing all the material terms of the agreement save for a limited modification, to wit: $20,000 [less a $5,000 charge] in lump sum alimony was awarded to the wife; the original agreement, in accord with the wife’s express wishes, provided for no alimony. Without dispute, the agreement otherwise fairly divides the assets between the parties, with the wife receiving the marital home free and clear; indeed, the husband at the final hearing even offered to “flip the deal” so that the husband would receive what the settlement agreement gave the wife and the wife would receive what the settlement agreement gave the husband. All things considered, this agreement was not unconscionable under Florida law. Moss-Jacober v. Moss, 334 So.2d 89 (Fla. 3d DCA 1976), cert. dism., 353 So.2d 676 (Fla.1977); compare Steinhardt v. Rudolph, 422 So.2d 884 (Fla. 3d DCA 1982).
Third, we see nothing in the record which establishes, as the trial court found, that the husband “abandoned” the subject agreement. Although he may not have lived up to the roof repair covenant therein, that could in no event have voided the agreement as such covenant was not a condition precedent to performance thereunder; moreover, on this record this was no evidence that the husband, in effect, repudiated the agreement. See Carnell v. Carnell, 398 So.2d 503 (Fla. 5th DCA), pet. for rev. denied, 407 So.2d 1102 (Fla.1981).
Reversed and remanded.