444 So.2d 30 (1983)
Barbara Hester BOCKOVEN, Appellant,
v.
Albert Marvin BOCKOVEN, Appellee.
No. 83-97.
District Court of Appeal of Florida, Fifth District.
December 15, 1983.
Rehearing Denied January 25, 1984.
*31 Flem K. Whited, III, Daytona Beach, for appellant.
Garrett L. Briggs of Adams & Briggs, Daytona Beach, for appellee.
MIZE, Associate Judge.
The appellant appeals from an order modifying a final judgment of dissolution of marriage which incorporated a separation and property settlement agreement between the parties. In its modification order, the trial court granted substantial relief to appellee husband relative to property and financial matters which were set forth in detail in the agreement.
In order to determine the issue on appeal, it is necessary to address the question as to whether the agreement is actually a pure property settlement agreement or whether parts of it can be considered payment made in lieu of alimony and thus modifiable. Jurisdiction, and therefore, modification, are dependent upon a determination of the nature of the agreement. Rubio v. Rubio, 347 So.2d 1093 (Fla. 2d DCA 1977). It is well settled that an agreement entered into to provide for alimony payments is subject to modification by the trial court. The court, however, does not have jurisdiction to modify an agreement which constitutes a settlement of property rights.
An examination of the record reveals a detailed property settlement agreement which, among other things, provides for periodic payments of money by the husband to the wife. Appellant contends that periodic payments are not necessarily alimony. In Fagan v. Lewis, 374 So.2d 18 (Fla. 3d DCA 1979), the former husband appealed from a final judgment denying his petition for modification of a property settlement agreement entered into with his former wife in connection with a divorce judgment. The agreement required the husband to pay the wife $170.00 per week "for her support and maintenance and discharge of the legal obligation" of the husband. The appellate court in sustaining the trial court found that the terms of the agreement were clearly in the nature of a property settlement in which the rights of the parties had become vested.
Applying the premise set forth in Fagan, supra, it is clear that appellant as well as appellee relinquished substantial property rights which were set forth in detail in the agreement for valuable consideration. The wife sold her business to her husband for $60,000.00 and the transaction was secured by a promissory note and a financing statement. She accepted employment with the husband with a separate employment contract at a set salary for her services. The parties also agreed to sell the marital residence and divide the purchase price. The wife further agreed to relinquish her interest in the jointly-owned Ford van to the husband and the husband agreed to relinquish his interest in the jointly-owned Corvette and motorcycle to the wife. The wife also agreed to transfer the title to the houseboat over to the husband. The only periodic payments of consequence in the actual agreement, as the wife points out, are those made in maintenance of the marital residence, and, under the terms of the agreement, those payments were to end *32 upon the sale of the marital residence. As a result, they cannot be said to be in the nature of alimony payments. Additionally, the sale of the business to the husband appears to be solely a business transaction with no unusual payments that could in any way be labeled as alimony. Finally, that part of the agreement which allows for the employment of the wife by the husband as manager of the husband's business, while perhaps unwise, appears to be simply an employment contract and no more. The salary the wife was to receive was not more than would be reasonably expected for one in that position and certainly could not be termed in the nature of support, as she was expected to earn the money by working at the business.
A close analysis of the agreement reveals that the property rights of the parties were resolved in a conclusive manner. As such, its provisions are to be interpreted in the same manner as any other contract.
Therefore, the subject agreement, being a pure property settlement agreement, is not modifiable unless the other party alleges or proves fraud, duress, deceit, coercion or overreaching. The husband maintains that he was not represented by counsel during the negotiations and execution of the agreement and was unknowledgeable in matters of law. This is not a valid ground for modification of a property settlement agreement. In Bubenik v. Bubenik, 392 So.2d 943 (Fla. 3d DCA 1981), the wife filed for dissolution of marriage and the trial court set aside the agreement which had been voluntarily entered into between the parties. On appeal, the district court held:
The law is quite clear regarding the setting aside of property agreements when entered into by knowing adults. All of the cases we are aware of require an allegation and proof of either fraud, duress, deceit, coercion or overreaching on the part of the party obtaining the agreement. We know of no case where a property settlement agreement can be set aside on the grounds that one of the parties had not retained his or her own counsel at the time of the signing.
Id. at 944.
The husband also moved for modification based upon the ground that at the time of the execution of the separation agreement he was informed and believed that the marital residence would be immediately placed upon the market and sold and the proceeds disbursed between the parties but that, since that time, the realtors have declined to accept the listing and the wife has thwarted any attempt to list the property with another real estate firm or to reduce the price of the residence so that the real estate agency would accept the listing. It is submitted that this ground by itself is not enough to warrant a modification of any agreement let alone a property settlement agreement. Furthermore, it is not sufficient proof of fraud, duress or deceit. Likewise, appellee's other reasons for a modification of the property settlement agreement do not appear to be based upon fraud, duress, deceit or coercion, i.e., that the wife was at the time of the motion living in open cohabitation with her boyfriend in the marital residence while the husband continued to make the mortgage payments and pay all maintenance bills; that the husband discharged the wife for good cause from her position at the husband's business for taking leave without permission and for embezzling funds in excess of $1,100.00. Neither does the supplement to the motion allege duress, fraud, deceit, coercion or overreaching by the wife. That she took and removed by breaking and entering all the furniture and fixtures of husband's business and that she also removed the houseboat titled in both their names and caused the same to be run aground and damaged are not grounds in themselves to warrant a modification of the property agreement on the basis of fraud, et cetera. Rather, the appropriate remedies lie in contract, i.e., damages, specific performance, et cetera. Indeed, even if one were to consider the above-stated grounds to constitute fraud, deceit, duress or overreaching, the recited actions of the wife occurred after the contract was entered *33 into and had no effect on the husband's execution of the agreement which is where any fraudulent act of the wife would have significance.
The wife contends on another point of her appeal that she is entitled to an award of attorney fees by reason of the fact that she is unemployed, having been discharged from her position of employment by the husband. The agreement which is the subject matter of the appeal is not modifiable and, therefore, this situation is not contemplated by Chapter 61, Florida Statutes. Therefore, the court does not have authority to award attorney fees.
As an additional point on appeal, appellee contends that since the appellant only provided the transcript from the April 29, 1982, hearing for review, the court does not have enough before it to make a finding. However, as this case revolves around the issue of jurisdiction and whether the agreement is modifiable, the question before the court is primarily a question of law and not a question of fact. Therefore, the record is adequate for appellate purposes. While it is important to consider whether or not there was any fraud, duress, deceit, coercion or overreaching in order to determine if the agreement is modifiable, the findings of the trial court sufficiently indicate that there is no substantial, competent evidence of such facts.
The property settlement agreement completely and effectively divided all marital property in contemplation of the dissolution of the marriage. As a result thereof, without a showing by the husband of fraud, deceit, duress, coercion or overreaching on the part of the wife, the trial court was without jurisdiction to consider the modification of the property settlement agreement.
Therefore, the final judgment of the trial court is hereby reversed and the original agreement between the parties is reinstated in all respects without prejudice of either party's right to seek remedies in contract.
REVERSED.
DAUKSCH and SHARP, JJ., concur.