ORFINGER, Judge.
The former husband appeals from an order modifying the support provisions of the final judgment of dissolution of marriage.[1] We reverse.
Appellant argues that the property settlement agreement incorporated into the final judgment was nonmodifiable because it represented a settlement of property rights and thus, he contends, it was error for the trial court to modify the amount of the periodic payments the former wife was to receive under the agreement. The former wife responds that the support provision in the property settlement agreement was a true alimony provision and hence modifiable upon a showing of increased need and change in circumstances. We need not decide that issue because under either view reversal is required. If the payments constitute a settlement of property rights, the agreement was nonmodifiable. Bockoven v. Bockoven, 444 So.2d 30 (Fla. 5th DCA 1983). On the other hand, if the payments are in the nature of true alimony, and thus modifiable pursuant to section 61.14(1), Florida Statutes (1985), it was error for the trial court to order modification because the record discloses that the wife’s circumstances changed much for the better, not the worse. Our determination of this issue makes it unnecessary to discuss the remaining issues on appeal.
REVERSED.
DAUKSCH and COWART, JJ., concur.

. The order on appeal is unclear whether it was intended to replace the support provision incorporated into the final judgment or whether it intended to supplement the final judgment. A portion of the order appealed from seems to void the support provision of the final judgment, yet the parties have treated the order appealed from as supplementing the judgment. We include this footnote for the guidance of the parties because in reversing the order appealed from the parties are thereby governed by the original final judgment.