550 So.2d 1125 (1989)
Daniel C. BERRY, Appellant,
v.
Lenore H. BERRY, N/K/a Lenore Cinotto, a/K/a Lenore Hilson, Appellee.
No. 88-1331.
District Court of Appeal of Florida, Third District.
April 25, 1989.
On Motion for Rehearing November 9, 1989.
Joseph C. Segor, Miami, for appellant.
Bette Ellen Quiat, Miami, for appellee.
Before BARKDULL and BASKIN, JJ., and JOSEPH P. McNULTY, Associate Judge.
*1126 JOSEPH P. McNULTY, Associate Judge.
The husband appeals the dismissal, with prejudice, of his petition for modification of a 1974 dissolution judgment and for restitution of "alimony" paid after the wife allegedly remarried secretly in 1980. We reverse.
The judgment incorporated a Separation and Custody Agreement, and the sole question before us is whether the provisions of the agreement relating to "support and maintenance" constitute "alimony," which of course terminates on remarriage, or whether the agreement as a whole constitutes a non-modifiable division of property rights, thus permanently vesting the periodic payments provided for therein.
The pertinent provisions are as follows:
"SUPPORT AND MAINTENANCE:
"The Wife expressly agrees in consideration of this Separation and Custody Agreement, to waive any right to receive any permanent alimony except as otherwise provided in this Agreement.
"The Husband agrees in consideration of this Separation and Custody Agreement to pay to the Wife each month, an amount equal to one-half of his United States Navy Retirement Pension payment for her support and maintenance. ..."
(Emphasis added).
Pursuant to other provisions of the agreement relating to property, the wife received essentially all of the marital property, which included the husband's entireties interest in the marital residence together with all household furnishings. She also received all appliances, dishes, silverware and jewelry, as well as the family automobile. The husband walked away from the agreement with only half his Navy pension and a Ford truck. Hardly a "bargained-for" or quid pro quo division of property to be taken as consideration to the husband for vested rights in the monthly payments.[1]Jantzen v. Cotner, 513 So.2d 683 (Fla. 3d DCA 1987). But this need not be deemed dispositive. We elsewhere find support for our conclusions herein.
To begin with, it is well settled that provisions of a property settlement agreement are interpreted by the courts as in any other contract, Bacardi v. Bacardi, 386 So.2d 1201 (Fla. 3d DCA 1980); and it is black-letter law that a contract is ordinarily to be construed as a matter of law by giving effect to the intent of the parties as expressed by the terms of the agreement. The language should be given a realistic interpretation based on its plain meaning unless the context clearly shows that the parties intended an unusual meaning. See, e.g., Bergman v. Bergman, 145 Fla. 10, 199 So. 920 (1940); Davis v. Davis, 301 So.2d 154 (Fla. 3d DCA 1974).
Here, in the first paragraph of the support and maintenance section of the agreement, the wife waived "any right to receive permanent alimony except as otherwise provided" in the agreement. In the very next paragraph of that section the husband agrees to pay to the wife an "amount" equal to one-half of his Navy pension payment "for her support and maintenance" which, by definition, is alimony. Cf. Claughton v. Claughton, 393 So.2d 1061 (Fla. 1981).
The juxtaposition of the two paragraphs clearly demonstrates that the "alimony" expressly spoken of by the wife and excepted from her alimony waiver in the first paragraph, consisted of the monthly payments provided for as "support and maintenance" in the second. No other payments were provided for in the agreement, so no other provisions could fall within the exception; and while it is true that labeling is not necessarily conclusive and that form should yield to substance, Underwood v. Underwood, 64 So.2d 281 (Fla. 1953), by *1127 any realistic and reasonable interpretation the monthly payments provided for in the agreement herein were, in substance, "alimony" payments and clearly were recognized as such by the wife.
The wife's position that the agreement was a non-modifiable division of property  thus in effect giving her a vested interest in the husband's Navy pension  is otherwise untenable. Significant in this regard is that the language used in the agreement is not that the wife receive one-half of the husband's pension, but rather only that she receive monthly payments in "an amount equal to one-half" of his pension. This language clearly negates an intent to vest in the wife one-half of the pension itself. It merely allows for a variation in the amount of the monthly payment as the pension payments may change from time to time.
The wife's reliance on Vance v. Vance, 143 Fla. 513, 197 So. 128 (1940), and on Fagan v. Lewis, 374 So.2d 18 (Fla. 3d DCA 1979), as support for her contention that the instant agreement is a non-modifiable one is misplaced. In Vance, unlike the agreement here, the periodic payments were not for an indefinite period of time, but for six years; and the agreement stated that they were in lieu of the wife's rights to participate in her husband's property, clearly indicating a "fixed consideration" for the wife's forbearance. Additionally in that case, unlike here, there was a division of substantial property between the parties, not a disproportionate division to the wife. Finally in Vance, the agreement unlike the agreement here was made binding on the parties' heirs, executors, administrators, etc., again negating any intent to provide for "alimony" which, of course, by definition would not have survived the death of either party.
In Fagan, supra, likewise inapposite, the wife gave up a valuable claim in her husband's property (which then was substantial) in return for the periodic payments; i.e., the payments were "bargained for" and supported by a sufficient quid pro quo. Cf. Jantzen v. Cotner, supra. Moreover, there was no mention in the waiver of alimony provision of the agreement in that case that the agreement elsewhere provided for "alimony" which was "excepted" from the waiver. Indeed, the agreement expressly provided that the periodic payments were in lieu of alimony, and thus logically, could not have been alimony.
We conclude that, as a matter of law, the monthly payments provided for in the agreement herein are alimony payments and are subject to modification. It follows that they are also terminable upon remarriage of the wife. The husband's petition states equity and should not have been dismissed.
Accordingly, the order appealed from is reversed and the cause is remanded for further proceedings not inconsistent herewith.
BARKDULL, J., concurs.
BASKIN, Judge (dissenting).
I would affirm the order under review. The record demonstrates that the trial court conducted a hearing on appellee's motion to dismiss. Appellant, however, has not favored this court with a transcript of that hearing or of the dissolution of marriage proceedings. Thus, the majority can merely speculate as to what rights the wife may or may not have relinquished in return for the payment of pension benefits when it concludes that the payments were alimony as a matter of law.
The standard of review in an appeal of a trial court's dismissal of a petition to modify alimony is whether the trial court abused its discretion. See Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985); Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980). The property settlement agreement provides that appellant is obligated to pay an amount equal to one-half of his pension to the wife for support and maintenance. On the inadequate record before us, this court may not determine whether the payments constitute alimony or property settlement. See Fagan v. Lewis, 374 So.2d 18, 20-21 (Fla. 3d DCA 1979) (the mere fact that a payment is "termed alimony by either party ... is not conclusive *1128 where the agreement and the attendant circumstances indicate otherwise.").[1] The lack of a complete record leaves open the possibility that the attendant circumstances supporting the trial court's decision may have been introduced during the original dissolution proceedings or at the hearing on the motion to dismiss the petition to modify alimony. Thus, I would find that appellant has failed to carry his burden of proving that the trial court abused its discretion. Applegate v. Barnett Bank, 377 So.2d 1150 (Fla. 1979).
Upon consideration, appellant's motion for clarification of attorney's fee order is hereby denied. Appellee's motion for rehearing is denied.
BARKDULL, J., and JOSEPH P. McNULTY, Associate Judge, concur.
BASKIN, J., would grant. See dissenting opinion on motion for rehearing.

ON MOTION FOR REHEARING
BASKIN, Judge (dissenting).
In Underwood v. Underwood, 64 So.2d 281 (Fla. 1953), the supreme court observed that in construing written contracts,
"it is the duty of the court, as near as may be, to place itself in the situation of the parties, and from a consideration of the surrounding circumstances, the occasion, and apparent object of the parties, to determine the meaning and intent of the language employed. Indeed, the great object, and practically the only foundation, of rules for the construction of contracts, is to arrive at the intention of the parties. ... `Contracts are not to be interpreted by giving a strict and rigid meaning to general words or expressions without regard to the surrounding circumstances of the apparent purpose which the parties sought to accomplish.'"
Underwood, 64 So.2d at 288 (quoting St. Lucie County Bank & Trust Co. v. Aylin, 94 Fla. 528, 114 So. 438, 441 (Fla. 1927). In Fagan v. Lewis, 374 So.2d 18 (Fla. 3d DCA 1979), this court followed Underwood and stated:
"[w]e are concerned with the substance and not the form of the payments. The fact that they may have been termed alimony by either party or that it may have been advantageous from a tax view-point for the appellant to label them alimony, is not conclusive where the agreement and the attendant circumstances indicate otherwise."
Fagan, 374 So.2d at 20-21 (emphasis supplied); see Bacardi v. Bacardi, 386 So.2d 1201 (Fla. 3d DCA 1980). Here, the intent of the parties cannot be discerned from the agreement alone.
The majority has impermissibly determined the nature of the payments without considering the "attendant circumstances" necessarily absent from the record by virtue of the procedural posture of this case: review of an order granting a motion to dismiss.
I would grant rehearing and would affirm the trial court's dismissal.
NOTES
[1] This is not materially affected by the wife's additional waiver of child support for a sixteen-year-old daughter. Child support is really not the wife's to waive, and the husband's obligation remained, though perhaps not enforceable by the wife. But even if it were hers to waive, the husband's obligation would have ended in less than two years. Not much quid for the quo now claimed by the wife; and if it came to it, we would not be precluded from weighing equitably its sufficiency.
[1] The majority distinguishes Fagan v. Lewis, 374 So.2d 18 (Fla. 3d DCA 1979), from this case by stating that in Fagan, the wife "gave up a valuable claim in her husband's property ... in return for the periodic payments" and accepted the payments in lieu of alimony, whereas here, no such "quid pro quo" was present. Without a complete record, the majority is not permitted to find that the wife did not give a valuable consideration in return for the agreed payments.

Furthermore, the majority exceeded the permissible scope of appellate review when it determined the equities of the property settlement agreement. Conner v. Conner, 439 So.2d 887 (Fla. 1983) ("the determination that a party has been `shortchanged' is an issue of fact and not one of law, and in making that determination on the facts before it in the instant case, the district court exceeded the scope of appellate review.").