577 So.2d 667 (1991)
Taffy Gould McCALLUM, Appellant,
v.
Hugh H. McCALLUM, Jr., Appellee.
No. 89-503.
District Court of Appeal of Florida, Third District.
April 2, 1991.
Greene & Marks and Cynthia Greene, Miami, for appellant.
Richard C. Carter, Miami, for appellee.
Before NESBITT, BASKIN and COPE, JJ.
*668 NESBITT, Judge.
In this action, the husband sought an uncontested divorce and asserted the existence of a property settlement agreement. The wife attacked the agreement claiming coercion. The trial court rejected the wife's coercion claim, adopted the agreement and ordered its implementation. The wife now appeals.
First, Mrs. McCallum claims that while the trial court stated it was implementing the parties' property agreement, it, in fact, improperly modified a segment of the agreement dealing with the cash distribution of assets. See Bockoven v. Bockoven, 444 So.2d 30 (Fla. 5th DCA 1983). The wife bases this claim on the trial judge's finding that the agreement was "not facially unreasonable except as to the cash distribution... ." She claims this statement proves that the trial judge found the equities of the situation required redistribution of that asset in a manner other than that contemplated in the settlement agreement.
We disagree with this analysis of the facts and find that the trial judge simply  and correctly  implemented the parties' agreement as best the circumstances permitted. His finding merely recognized that he could not distribute the $125,777 which the settlement agreement provided for when only $28,000 remained on hand at the time the order was entered. The finding is clearly not evidence of an attempt on the judge's part to modify the agreement. See Bockoven, 444 So.2d at 30.
The terms of the property settlement agreement itself provided that the court might have to make adjustments in the final distribution of cash. The settlement provided for the wife to receive $50,970 in cash and the husband to receive $74,730 in cash. The trial judge found that, preceding final judgment, the wife had taken the sum of $73,000 and the husband had taken $45,000. A review of the record shows that the trial court's distribution of the cash asset left the wife with more money than she would have otherwise received according to the agreement's original terms. In fact, the record shows that during the pendency of the suit, the wife, in direct violation of a court order, cashed a $25,000 certificate of deposit which was part of the money to be distributed under the agreement. By her actions, she materially contributed to the trial court's inability to distribute the asset as originally set forth in the agreement.
Under these circumstances and considering that numerous months of debits and credits affecting the amount of cash assets had transpired between the agreement's inception and its adoption by the trial court, we conclude that the court did not abuse its discretion in determining that the implementation of the settlement agreement required the equal distribution of the remaining money in the certificates of deposit.
Second, we address the wife's claim that the husband employed coercive tactics which require this court to set aside the settlement agreement. A court may set aside or modify a property agreement upon proof that it was reached by means of fraud, deceit, duress, coercion, misrepresentation, or overreaching. Casto v. Casto, 508 So.2d 330 (Fla. 1987). In the instant case, the trial court specifically found the wife had not carried her burden of proving any of these elements in connection with the negotiation and execution of the agreement; we agree with its determination.
By her own admission, the wife had typed and signed the agreement following four weeks of talks and drafting, during which time she was free to consult with friends, relatives, or legal advisors. See Cronacher v. Cronacher, 508 So.2d 1270 (Fla. 3d DCA 1987); O'Connor v. O'Connor, 435 So.2d 344 (Fla. 1st DCA 1983). Furthermore, the wife was a college-educated working woman who had been married three times before. Her estimation of the value of the couple's assets appears to be totally on target except as to the value of certain real property which was, in fact, hers prior to the marriage. In the instant case the facts clearly refute any claim of inadequate knowledge of the value of the marital property. See Casto, 508 So.2d at 333 (in addition to duress, second ground to *669 vacate settlement agreement is concealment by defending spouse or lack of knowledge by challenging spouse).
Accordingly, the decision of the trial court is affirmed.