DAMOORGIAN, J.
The former wife, Mary Lou Gordon, timely appeals the final judgment dissolving her marriage to the former husband, Michael A. Gordon. We affirm the final judgment and write only to address the validity of the parties’ prenuptial agreement (“the agreement”).
The parties were married for ten years and have one minor child together. The former wife had been married twice before. She has a college degree in nursing and, prior to this marriage, owned a health care agency. While employed, she earned a salary of approximately $70,000 per year. The former husband is a pilot for a major domestic airline and disclosed his annual income as $150,000.
The agreement was executed about ten days before the wedding. The parties had discussed the agreement several months before its execution. The former husband prepared the agreement and neither party consulted legal counsel in connection with the preparation or execution of the agreement. The former husband told the former wife that he would not marry her unless she signed the agreement.
The agreement provided, among other things, that each party’s property at the time of the marriage was to remain his or her separate property. The agreement included a section titled “Pension Benefits” in which each party specifically waived his or her rights to the other’s pension benefit plans. In addition, the agreement included a provision stating that “[a]ll savings, investments, retirement accounts, 401K accounts, USAF retirement account and property listed on the attached schedules as property owned by a party prior to the marriage shall remain the property of the person who brought such property into the marriage.” (emphasis added).
The parties each attached a financial disclosure to the agreement. The former husband’s financial disclosure did not list his-airline pension. The former wife testified that she only learned about the airline pension when the parties attended a retirement seminar about a year after their marriage. After the seminar, the former wife discussed the pension funds with the former husband, but they did not modify the agreement.
At the conclusion of the first portion of the bifurcated trial, the trial court found that the former wife failed to establish that the agreement was reached by fraud, deceit, duress, coercion, misrepresentation or overreaching. See Casto v. Casto, 508 So.2d 330, 333 (Fla.1987). The trial court ruled that the former husband’s disclosure of his financial assets was adequate, citing O’Connor v. O’Connor, 435 So.2d 344, 345 (Fla. 1st DCA 1983), for the proposition that a financial disclosure need not be “minutely detailed nor exact.”
A trial court’s findings on a motion to set aside a prenuptial agreement should not be disturbed absent a showing that the findings are not supported by competent, substantial evidence. Waton v. Waton, 887 So.2d 419, 422 (Fla. 4th DCA 2004) (citing Baker v. Baker, 394 So.2d 465, 468 (Fla. 4th DCA 1981)).
In Casto, the Florida Supreme Court set forth two separate grounds for a trial court to set aside a postnuptial agreement, which also apply to prenuptial agreements. 508 So.2d at 333; Waton, 887 So.2d at 423 n. 1 (stating that Casto controls as to prenuptial agreements). *617 Only the first ground is relevant to this appeal. Under the first ground, “a spouse may set aside or modify an agreement by establishing that it was reached under fraud, deceit, duress, coercion, misrepresentation, or overreaching.” Casto, 508 So.2d at 338.
The issue before us is whether the former wife satisfied her burden to establish that the agreement was reached by fraud, deceit, duress, coercion, misrepresentation, or overreaching as a result of the former husband’s failure to specifically disclose his airline pension plan.
We first address whether the agreement was reached under duress, coercion, or overreaching. The record be-, fore us presents the former wife as an individual with a high level of education and business acumen who, having twice married, understood the significance of the document she was about to sign and chose not to seek the advice of a lawyer. And, while the parties disagreed over the amount of time the former wife had to contemplate the agreement, we hold that a trial court does not abuse its discretion by declaring that a period of ten days prior to the marriage is sufficient time for one to exercise the opportunity to review the agreement, and, if one so chooses, to seek the advice of legal counsel. See Waton, 887 So.2d at 422. Accordingly, there is ample evidence in the record to support the trial court’s conclusion that the agreement was not reached under duress, coercion, or overreaching.
We next address whether the former husband’s failure to specifically disclose his airline pension plan constitutes fraud, deceit, or misrepresentation. The agreement specifically provided that each party shall retain as separate property all retirement accounts and property listed on the attached schedules. Additionally, the agreement included a provision specifically addressing pension benefits under its own section heading. The former husband’s schedule of property referenced “Retirement Plans (Keogh, 401(k), etc.)” and specifically listed the former husband’s 401 (k) plan through his employer; however, no mention was made of the airline pension plan of which the former husband was a beneficiary.
The former husband argues that the trial court was correct in concluding that the former wife had a general and approximate knowledge of his resources and that the former husband was under no obligation to disclose every minute detail nor to be exact. See id. at 424. Although Waton was decided on the second ground in Casto, rather than the first ground at issue in this appeal, the court’s analysis is still highly relevant. The primary issue in Waton was whether the former husband made a full and fair disclosure of his net worth to his former wife at the time they entered into the prenuptial agreement. Id. Exhibit A to the Waton agreement listed the former husband’s assets, although several of the assets were listed as “exact value unknown” and other language to that effect. Id. at 421. One of the assets without an exact value was the former husband’s interest in a business. Id. This Court held that the former husband made a full and frank disclosure of his assets even though he did not assign a specific value to his interest in the business. Id. at 424-25.
In this appeal, the former husband disclosed substantial assets, and the undisclosed pension plan can be understood to constitute only a small fraction of the former husband’s total net worth. Moreover, the agreement included, under the section heading “Pension Benefits,” a provision that explicitly waived each party’s rights to the other party’s pension benefits. Contrary to the dissent, we consider the prom *618 inent mention of pension benefits in the content of the agreement to be similar to the listing of the “exact value unknown” assets at issue in Waton. When considering the value of the employer pension in light of the other substantial assets that the former husband fully disclosed, the prominent mention of pensions in the body of the agreement is sufficient to provide the former wife with a general and approximate knowledge of the former husband’s resources. Moreover, it was not error for the trial court to consider the fact that former wife learned the details of the airline pension plan less than a year after they were married and made no attempt to modify the agreement to account for these benefits. Accordingly, the trial court did not err in determining that there was no fraud, deceit, duress, coercion, misrepresentation, or overreaching in the execution of the prenuptial agreement.

Affirmed.

MAY, J., concurs.
CIKLIN, J., dissents with opinion.