CIKLIN, J.,
dissenting.
I must respectfully dissent. The primary issue raised in this appeal concerns the former wife’s contention that the former husband failed to make a full and fair disclosure of his net worth at the time the parties entered into a prenuptial agreement.
The record reveals that the former husband underreported the value of his various pension plans anywhere between $143,000-$229,000. While the prenuptial agreement specifically provided that each party was to retain as separate property all retirement accounts, such a provision did not obviate the requirement that the former husband make a full disclosure as to the assets that he enjoyed at the time of signing the prenuptial agreement. See Waton v. Waton, 887 So.2d 419 (Fla. 4th DCA 2004) (stating that a full and fail-disclosure of the husband’s net worth is necessary to allow the wife “to make a free and voluntary relinquishment of her property rights” to the husband’s assets).
As the Florida Supreme Court stated in Del Vecchio v. Del Vecchio, 143 So.2d 17, 20 (Fla.1962):
A valid antenuptial agreement contemplates a fair and reasonable provision therein for the wife, or, absent such provision, a full and frank disclosure to the wife, before the signing of the agreement, of the husband’s worth, or, absent such disclosure, a general and approximate knowledge by her of the prospective husband’s property. The term ‘approximate’ is, for this purpose, held synonymous with ‘near’, ‘close to’ or ‘approaching’.
In affirming the trial court’s order upholding the validity of the prenuptial agreement, the majority cites (as does the lower court) the First District’s decision in O’Connor v. O’Connor, 435 So.2d 344 (Fla. 1st DCA 1983) for the proposition that a financial disclosure need not be “minutely detailed nor exact.”
In my opinion, an undervaluation of at least $143,000 (and perhaps as high as $229,000) is neither a minute detail nor excusably inexact.
I do not believe that the trial court’s findings as to the motion to set aside the prenuptial agreement were supported by competent, substantial evidence and I would reverse on this point.