307 So.2d 887 (1974)
Fred Leonard BLACKMON, Appellant,
v.
Charlene M. BLACKMON, Appellee.
No. 74-1001.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Rehearing Denied February 25, 1975.
*888 Creel & Glasgow, Miami, for appellant.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, and Sherryll M. Dunaj, Miami, for appellee.
Before BARKDULL, C.J., HAVERFIELD, J., and CHARLES CARROLL (Ret.), Associate Judge.
PER CURIAM.
Appellant, respondent in the trial court, seeks review of a post judgment order which, in effect, denied the appellant's motion to modify the rehabilitative alimony provisions of a final judgment of dissolution of marriage.
On December 26, 1974, a final judgment of dissolution of marriage was entered by the trial court. In said final judgment, the following provision is found:
* * * * * *
"5. The Court awards as rehabilitative alimony to be paid by the Respondent-Husband to the Petitioner-Wife the lump-sum alimony of Thirty Thousand ($30,000.00) Dollars to be paid on the basis of One Thousand ($1,000.00) Dollars per month for the next thirty (30) months commencing January 1, 1973."
* * * * * *
Subsequent thereto, the former wife remarried. Thereafter, the appellant filed a motion to modify the final judgment with respect to rehabilitative alimony to cease the payments of said alimony, it being stipulated that the wife's subsequent marriage was to a gentleman possessed of ample funds to support her. Upon the matter coming on to be heard before the trial court, he entered an order declining to modify the award as made in the final judgment. In said order, which is the subject matter of this review, the following is found:
* * * * * *
"That Petitioner's right to receive lump-sum alimony in equal monthly installments became fixed and final under this Court's Final Decree of Divorce, and is not subject to termination upon the Petitioner's remarriage. That it was this Court's intention to award to the Petitioner lump-sum alimony in the amount of Thirty Thousand Dollars ($30,000.00) at the time of the entry of the Final Decree of Divorce, and the same was made payable in monthly installments only for the convenience of the Respondent."
* * * * * *
Rehabilitative alimony is a term that is of recent vintage in Florida statutes, but it appears that the Florida courts have recognized the right of a trial court to modify rehabilitative alimony when the circumstances of the parties have changed. *889 Lockhart v. Lockhart, Fla.App. 1974, 293 So.2d 754; Stamm v. Stamm, Fla.App. 1972, 266 So.2d 413; Melin v. Melin, Fla. App. 1972, 265 So.2d 414; § 61.14(1), Fla. Stat. We hold that the trial judge having denominated the sums to be paid initially in his final judgment of dissolution as rehabilitative alimony, he was without the power to change the tenor of the final judgment upon the petition to modify after the change in circumstances. Obviously, the provisions in the original final judgment are confusing, but he initially awarded rehabilitative alimony and we hold that he should not later be permitted to change the meaning of the award, notwithstanding the additional language which included the words "lump sum".
Therefore, the order here under review be and the same is hereby reversed, with directions to grant the relief sought by the petitioner and cut off all rehabilitative alimony to the appellee subsequent to the date of her remarriage.
Reversed and remanded, with directions.
BARKDULL, Chief Judge (dissenting).
I respectfully dissent. The trial judge, at the time of the dissolution of the marriage, had the authority to award lump sum rehabilitative alimony. See: Kennedy v. Kennedy, Fla. 1974, 303 So.2d 629 (1974); McRee v. McRee, Fla.App. 1972, 267 So.2d 21. He had jurisdiction to entertain the motion to modify per the authorities in the majority opinion; this he declined to do, holding that in his original final judgment of dissolution he intended lump sum rehabilitative alimony.
I would affirm the order under review. There is a substantial Federal tax difference in the treatment of a lump sum award payable in instalments if the periodic payments are for a period of ten years or less, as opposed to an award of periodic payments [be they rehabilitative or otherwise] for a fixed term of months. See: Am.Jur.2d, Federal Taxation (1975), § 7321.