344 So.2d 889 (1977)
Thomas E. RICHTER, Appellant,
v.
Carolyn A. RICHTER, Appellee.
No. 76-494.
District Court of Appeal of Florida, Fourth District.
March 25, 1977.
*890 James R. Eddy of Eddy, Spindler & Hughes, Pompano Beach, for appellant.
C. Lavon Ward, Fort Lauderdale, for appellee.
PER CURIAM.
Husband appeals from a final judgment in a Dissolution of Marriage case. Several questions are presented but only two have merit.
We hold that the trial court erred in ordering an automatic five percent per annum cost-of-living increase in child support. We also hold that the trial court improperly ordered that the rehabilitative alimony awarded to wife continue regardless of her remarriage. See Blackmon v. Blackmon, 307 So.2d 887 (Fla. 3d DCA 1974). The objectionable provisions are stricken and the remainder of the final judgment is affirmed.
Reversed in part, affirmed in part, and remanded.
ALDERMAN and ANSTEAD, JJ., concur.
DAUKSCH, J., concurs specially, with opinion.
DAUKSCH, Judge (concurring specially).
I understand rehabilitative alimony to be meant to assist the recipient in making a life for herself when the support from her former husband is no longer available or necessary. It is the impetus to shake prior reliances and live free. Without the statutory availability of rehabilitative alimony the court might have awarded lump sum alimony payable in installments or permanent periodic alimony to accomplish the same purpose. But these types of awards are too speculative and have the onerous ring of unnecessary support, in some cases. Rehabilitative alimony is a bit speculative but is usually awarded for a purpose, for example, to obtain an education, a certificate or some retraining in a former occupation. The amount needed is more easily determined but it is not an absolute, in most instances. Therefore the court should not absolutely have said rehabilitative alimony shall continue regardless of remarriage. Very possibly the remarriage might accomplish the rehabilitation in that the former wife has established herself in the occupation of housewife and receives her income and support from that source. On the other hand, a remarriage may not demonstrate the absolute rehabilitation of the wife. The days when women married for support have passed and the roles of the partners to a marriage are not stereotyped but vary from family to family. Thus for this court to determine that rehabilitation occurs or doesn't occur upon remarriage is not grounded on reason. The provision that rehabilitative alimony would continue regardless of remarriage should be amended to read may continue regardless of remarriage in order to give to the parties an opportunity to "show cause" if remarriage occurs. I agree with the result in the majority opinion but resist the implication therein that rehabilitative alimony must always cease upon remarriage. But see dictum in Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976).