GLICKSTEIN, Judge.
This is an appeal by the former husband from a final judgment and post-judgment order award to the former wife of the following:
1. The marital home and furnishings as lump sum alimony.
2. Rehabilitative alimony of $50.00 per week for two years.
3. Child support for the parties’ two minor children of $50.00 per week, to be increased to $60.00 per week on March 31, 1981.
4.Attorneys’ fees of $2000.00.
With respect to the automatic increase of child support from $50.00 to $60.00 per week on March 31, 1981, we believe the trial court should not have ordered it. It occurs to us that the increase was to take place about the time the wife’s rehabilitative alimony ceased. Moreover, the increase was not nominal but amounted to twenty per cent for each child. In Richter v. Richter, 344 So.2d 889 (Fla. 4th DCA 1977), this court expressly disapproved an automatic five per cent per annum cost-of-living increase in child support. Sub judice the present award of $50.00 per week per child seems reasonable and any increase should be considered in the future upon appropriate motion for modification. Accordingly, we reverse and remand as to that point.
We affirm the remainder of the award upon the following principle recited in Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980):
If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
BERANEK and HERSEY, JJ., concur.