433 So.2d 598 (1983)
Baerbel KRISTENSEN, Appellant/Cross-Appellee,
v.
Hilmar KRISTENSEN, Appellee/Cross-Appellant.
No. 82-884.
District Court of Appeal of Florida, Fifth District.
June 9, 1983.
Rehearing Denied June 27, 1983.
*599 David U. Strawn and Lora A. Dunlap, of Akerman, Senterfitt & Eidson, Orlando, for appellant/cross-appellee.
Ralph Geilich, of Williams & Geilich, Melbourne, for appellee/cross-appellant.
DAUKSCH, Judge.
This is an appeal from a judgment in a marriage dissolution case. We affirm the judgment in all respects except the award of alimony and attorney's fees.
It would serve no useful purpose to expose in detail the causes leading to the dissolution of the marriage between these two persons. Suffice it to say the evidence reveals an inattentive husband, an adulterous wife and a rich boyfriend whose behavior all combined to effect the inevitable  a destroyed marriage and a bewildered and unhappy son. The evidence supports the awards of custody and the marital property disposition. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). But the evidence does not support the award of rehabilitative alimony nor the award to the wife of attorney's fees. The evidence is clear that the wife has "rehabilitated" herself to carry on with her chosen lifestyle; her new male interest is apparently willing and able to support her and even before the dissolution provided her with a Mercedes-Benz automobile, took her on vacation trips and gave her at least $30,000.00 (she said "loaned" but she demonstrated no real plan or ability to repay the loan nor was the "loan" collateralized in any material way). The evidence in this case is unrefuted and conclusive that she could and would rely upon her new male friend to support her after the dissolution. The appellant, the appellee and this wealthy friend even sat down and discussed the matter. Further, the evidence is clear that if she were to remain in this country, which she says she intends to do, she cannot obtain a "regular" job because she has a foreign visitor's visa which does not permit her to hold a job. She demonstrated no specific need for the rehabilitative alimony  such as going to a trade school or seeking to acquire a better education or skills to obtain outside employment. She also failed to demonstrate any general need for rehabilitative alimony in that it was clear she was receiving and expected to receive support from the man mentioned before. This was not a long term marriage where the wife helped the family during struggling years and they achieved a comfortable lifestyle earned by the labors of two partners. To the contrary, this marriage was legally dissolved after ten years and was broken earlier than that. The husband was 67 at the time of dissolution and the wife 45; neither was in such bad health as to require support and the judge correctly found neither was entitled to permanent or lump-sum alimony. We should not speculate why the judge awarded the wife a portion of the attorney's fees and some eight years of rehabilitative alimony but perhaps it was to enable her to pay back the loan to her boyfriend. This friend had paid some $26,500.00 towards the rather large attorney's fees[1] and had provided her with money, in addition to the vacation and car, for her support. This was done against the interests of the husband, and apparently in furtherance of a pact between the wife and a *600 friend. To require the husband to repay this friend for the money it took him to get the wife would not be in the interest of fairness and justice. The interposing relationship between the wife and her boyfriend should receive no support from the husband. Rehabilitative alimony is designed to aid a person to regain the ability for self-support similar to that which previously existed or would have existed except for the marriage of the parties. Murray v. Murray, 374 So.2d 622 (Fla. 4th DCA 1979).
In awarding rehabilitative alimony, there must be a specific finding by the trial court regarding the need for rehabilitation and plan to do so. Rehabilitative alimony is from a financially able former spouse to a financially needy former spouse to assist the needy spouse in adjusting to a new life and to aid in obtaining new skills, education and/or other rehabilitation. Kirchman v. Kirchman, 389 So.2d 327 (Fla. 5th DCA 1980). See also Campbell v. Campbell, 432 So.2d 666 (Fla. 5th DCA 1983.)
AFFIRMED in part, REVERSED in part.
ORFINGER, C.J., and COWART, J., concur.
NOTES
[1] The attorney on appeal was not the attorney at trial.