SHARP, Judge,
dissenting.
Cases should not be reversed for semantic reasons. If a trial judge reaches a support *1384 able result, it should be affirmed, although it may have been labeled erroneously. Firestone v. Firestone, 263 So.2d 223 (Fla.1972)..
In this case, the facts and circumstances support the trial judge’s determination that the wife has need for exclusive possession of the marital residence for the stated period of time: five years. This had been an eleven year marriage. The husband’s established net income was $500.00 per week, and the wife’s was, at the very best, only $150.00 per week. The record showed it was unlikely she could earn substantially more than that, given her age and vocational skills. Further, the record supports the conclusion (although arguably irrelevant[1] because “fault” should not be taken into account in these matters) that the husband caused the breakup of this marriage, and at the time of the dissolution, was blissfully cohabitating with his new lover.
I would affirm the award to the wife of possession of the marital home for five years, as an element of support. However, I agree with the majority that instituting permanent alimony commencing in five years if the wife has not by then remarried, was error. That in itself is tantamount to a finding by the trial judge that this wife’s only hope to become self-supporting is to catch another husband. Even this court, I think, would not consider that as “rehabilitation.” Thus, I would change the words, “rehabilitative” to “permanent,” and otherwise affirm the lower court in full.

. But see Kristensen v. Kristensen, 433 So.2d 598 (Fla. 5th DC A 1983).