436 So.2d 1049 (1983)
Mildred Lou KISSINGER, f/k/a Mildred Lou Niel Mason, Appellant,
v.
Philip MASON, Appellee.
Nos. AP-473, AR-21.
District Court of Appeal of Florida, First District.
August 30, 1983.
Jerome M. Novey of Novey & Mendelson, Tallahassee, for appellant.
W. Kirk Brown, Tallahassee, and Cynthia S. Tunnicliff of MacFarlane, Ferguson, Allison & Kelly, Tallahassee, for appellee.
ERVIN, Chief Judge.
The wife appeals from a final order of the trial court terminating her former husband's obligation to pay rehabilitative alimony *1050 by virtue of her remarriage. The trial court also entered an order awarding $625 in fees to the wife's attorney from which the former husband takes this cross-appeal on grounds that the award was an abuse of the trial court's discretion.
A final judgment of dissolution of the parties' marriage of twenty-three years was entered on October 7, 1981. The judgment awarded to the wife $625 per month rehabilitative alimony for thirty-six months, commencing on November 1, 1981, provided that she remain enrolled as a full-time student in the school of pharmacy at Florida A & M University (FAMU). As a consequence of the wife's later remarriage, the former husband filed a petition for modification requesting termination of the rehabilitative alimony.
The following facts were stipulated to by the parties:
(1) since the entry of the final judgment, the wife has remained a full-time student at the FAMU school of pharmacy;
(2) the wife married Gary Kissinger on August 20, 1982;
(3) Kissinger's monthly gross income is $2,555.82, and
(4) Kissinger's monthly expenses meet or exceed his monthly income. A hearing was held, and the trial court entered an order granting the petition, thereby terminating the rehabilitative alimony to the wife because of her remarriage, based on the law set forth in our decision in Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976).
The wife asserts that rehabilitative alimony should continue until rehabilitation is completed regardless of remarriage, since remarriage is not an event by which one reaches rehabilitation. Although there is authority supporting the wife's position, see Frye v. Frye, 385 So.2d 1383, 1390 (Fla. 2d DCA 1980), but cf. Blackmon v. Blackmon, 307 So.2d 887 (Fla. 3d DCA 1974), we do not find it necessary at this time to decide whether or not rehabilitative alimony should terminate automatically only upon the remarriage of the recipient, and decline to do so.
In Cann, the sole issue before this court was whether the alimony awarded should be permanent or rehabilitative, not whether an award of rehabilitative alimony was required to end upon the recipient spouse's remarriage. We there defined rehabilitative alimony as "that amount of money or other things of value reasonably necessary to supplement means already available reasonably required during the post-marriage period to maintain the recipient until he or she is, in the exercise of reasonable efforts and endeavors, in a position of self-support," and as "alimony paid for the purpose of rehabilitating the spouse to whom it is awarded, such as, ... financially supporting a spouse until he or she can be trained for employment." Cann at 328-29. We went on to state that although rehabilitative alimony may be awarded for a specific period, it either can be terminated earlier than anticipated, or extended, depending upon a proper showing of the spouse's rehabilitation before expected, or non-rehabilitation through no fault of his or her own. Id. at 329.
The record before us reflects that the trial court was reluctant to terminate the wife's rehabilitative alimony, but felt compelled to do so because of our gratuitous statement in Cann that "[r]emarriage of the recipient also, of course, requires termination of rehabilitative alimony." Id. This statement was not necessary to the holding in Cann, it represents dictum in that case, and consequently has no binding effect on later decisions involving issues different from those actually decided. See Hart v. Stribling, 25 Fla. 433, 6 So. 455 (1889). We therefore reverse the trial court's termination of rehabilitative alimony, which was based solely upon the event of the wife's remarriage, as we find that a legal misinterpretation of the law supported the trial court's decision. As the lower court was not bound by the Cann dicta, we remand this cause to it for further consideration of this question.
As to the husband's cross-appeal, we do not agree with the contention that the trial court abused its discretion in awarding $625 *1051 in fees to the wife's attorney on the ground that at the time of the marital dissolution the marital assets were evenly divided between the spouses, and the wife was unsuccessful in her defense on the petition for modification.
Section 61.16, Florida Statutes (1981), provides authority to award attorney's fees "after considering the financial resources of both parties" in proceedings related to dissolution of marriage, including modification proceedings. The financial affidavits before us reveal that the wife's monthly net income was $675, including rehabilitative alimony, with expenses of $1,072, while the former husband's monthly net income was $4,106.96 with expenses of $3,439.34. Canakaris v. Canakaris, 382 So.2d 1197, 1205 (Fla. 1980), states that the purpose behind section 61.16 is "to ensure that both parties will have similar ability to secure competent legal counsel," and that it is "not necessary that one spouse be completely unable to pay attorney's fees in order for the trial court to require the other spouse to pay fees." We accordingly conclude that the trial court did not abuse its discretion in awarding fees to wife's attorney in view of the disparate financial positions of the parties and the purpose underlying the statute. See, e.g., Desilets v. Desilets, 377 So.2d 761 (Fla. 2d DCA 1979); Fagan v. Lewis, 374 So.2d 18 (Fla. 3d DCA 1979). We note also that an award of attorney's fees depends not upon who prevails but rather upon the relative financial resources of the parties. Hudgens v. Hudgens, 411 So.2d 354 (Fla. 2d DCA 1982).
Pursuant to the wife's petition for attorney's fees on appeal, we provisionally grant the petition for a reasonable award for payment of her lawyer's services on appeal, and remand in accordance with the procedure set out in Dresser v. Dresser, 350 So.2d 1152 (Fla. 1st DCA 1977).
The trial court's order terminating the wife's rehabilitative alimony is hereby reversed and remanded with directions as provided in this opinion, and the award of $625 in fees to the wife's attorney is affirmed.
THOMPSON and WIGGINTON, JJ., concur.