442 So.2d 235 (1983)
Donald Leroy BENTZONI, Appellant,
v.
Prudence Martin BENTZONI, Appellee.
No. 82-1706.
District Court of Appeal of Florida, Fifth District.
October 20, 1983.
*236 Garrett L. Briggs of Adams & Briggs, Daytona Beach, for appellant.
John V. Doyle, Daytona Beach, for appellee.
ORFINGER, Chief Judge.
The former husband appeals from an order of the trial court denying his petition to terminate an award of rehabilitative alimony, which he requested on the ground that the former wife was "currently living in a state of open cohabitation with [another man] and is being fully supported and maintained by him." The final judgment dissolving the marriage had awarded the wife rehabilitative alimony of $100.00 per week for thirty-six weeks. We reverse the order and remand for further proceedings.
The evidence before the trial court indicates without contradiction that the former wife is living with another man in a rented condominium apartment in Fort Myers Beach. While she contends that this is only an "informal living arrangement," it is clear that the relationship between the parties has all the attributes of a marriage except for the wedding ceremony. The former wife admits that a child has been born of this relationship, that her new partner pays the rent, buys the groceries and pays for a maid to clean the apartment. She contends that she pays some of the expenses, such as utilities, and otherwise "pays her own bills" with money she borrows from her mother because she is not employed. The former wife contends that because her friend does not completely support her, and because she still has no marketable skills (although she is attending real estate school and is taking a typing course) the evidence supports the conclusion that she has not been rehabilitated, and the trial court's order is thus correct. The husband, on the other hand, says that the former wife is now being supported by her live-in friend, so rehabilitative alimony should terminate.
Although there are circumstances under which a live-in arrangement would not and should not be given the legal effect of marriage, it is clear that in determining whether an alimony award to a recipient spouse should be terminated, the fact that such spouse is now living with and being supported by another must be taken into consideration. Because the facts of this case indicate that the new relationship is tantamount to a marriage, we will consider the recipient spouse's entitlement to a continuation *237 of the rehabilitative alimony award as though she had remarried.
The Florida courts which have considered this problem are not in accord. The Third District Court of Appeal has unequivocally held that remarriage of the recipient spouse automatically terminates his or her right to continue receiving rehabilitative alimony. Blackmon v. Blackmon, 307 So.2d 887 (Fla. 3d DCA 1974). On the other hand, the Second District Court of Appeal has held that because rehabilitative alimony is paid for a specific purpose not necessarily related to the recipient spouse's remarriage, such an award should not automatically terminate upon such remarriage, but termination should depend on whether that event has served the rehabilitative purpose. Frye v. Frye, 385 So.2d 1383 (Fla. 2d DCA 1980).
In Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976), the opinion stated, in dictum, that remarriage of the recipient spouse would require termination of rehabilitative alimony. That dictum has recently been rejected by that court in Kissinger v. Mason, 436 So.2d 1049 (Fla. 1st DCA 1983), where an order terminating rehabilitative alimony based solely upon the remarriage of the recipient wife was reversed.
The Frye court suggests that the decision in Richter v. Richter, 344 So.2d 889 (Fla. 4th DCA 1977), aligns the Fourth District with those courts which hold that remarriage of the recipient spouse automatically terminates rehabilitative alimony (Frye at 1387), and that conclusion may certainly be implied from the opinion. In Richter, the final judgment of dissolution awarded the wife rehabilitative alimony for a specified period and then provided that remarriage of the wife would not terminate the award. The appellate court held that it was error for the final judgment to provide that remarriage would not terminate the award, and struck that portion of the final judgment. It did not say that remarriage would terminate the award. In the light of the concurring opinion, we do not believe that the Fourth District has taken the position that rehabilitative alimony automatically terminates upon remarriage of the recipient spouse. The concurring opinion (Dauksch, J.) warrants repetition here:
I understand rehabilitative alimony to be meant to assist the recipient in making a life for herself when the support from her former husband is no longer available or necessary. It is the impetus to shake prior reliances and live free. Without the statutory availability of rehabilitative alimony the court might have awarded lump sum alimony payable in installments or permanent periodic alimony to accomplish the same purpose. But these types of awards are too speculative and have the onerous ring of unnecessary support, in some cases. Rehabilitative alimony is a bit speculative but is usually awarded for a purpose, for example, to obtain an education, a certificate or some retraining in a former occupation. The amount needed is more easily determined but it is not an absolute, in most instances. Therefore the court should not absolutely have said rehabilitative alimony shall continue regardless of remarriage. Very possibly the remarriage might accomplish the rehabilitation in that the former wife has established herself in the occupation of housewife and receives her income and support from that source. On the other hand, a remarriage may not demonstrate the absolute rehabilitation of the wife. The days when women married for support have passed and the roles of the partners to a marriage are not stereotyped but vary from family to family. Thus for this court to determine that rehabilitation occurs or doesn't occur upon remarriage is not grounded on reason. The provision that rehabilitative alimony would continue regardless of remarriage should be amended to read may continue regardless of remarriage in order to give to the parties an opportunity to "show cause" if remarriage occurs. I agree with the result in the majority opinion but resist the implication therein that rehabilitative alimony must always cease upon remarriage.
Id. at 890.
In Kristensen v. Kristensen, 433 So.2d 598 (Fla. 5th DCA 1983), this court held *238 that the facts of that case warranted a reversal of an order awarding a wife rehabilitative alimony, because the record clearly indicated that the wife had "rehabilitated" herself to her new life style and that she was receiving and expected to receive support from the man with whom she had been living even prior to the dissolution of her marriage. That case does not support, however, the principle that remarriage (or a relationship tantamount to a remarriage) automatically terminates a rehabilitative alimony award, because it looks to the particular circumstances rather than merely the relationship in determining if the award is proper.
We choose to follow the principle espoused in Frye, that because rehabilitative alimony is paid for a specific purpose not necessarily related to the recipient spouse's support or remarriage, such remarriage should not necessarily terminate the award. Where, however, it appears that the rehabilitative alimony award serves at least some support purpose, and the support of the recipient spouse has been undertaken by another, at least that portion of the award representing support should be terminated. The evidence here shows, without contradiction, that the former wife is being supported to some extent by her boyfriend, and to that extent at least, the former husband's obligation should have been terminated.
We therefore reverse the order and remand the case to the trial court for further proceedings, specifically, to determine if the intended rehabilitation has occurred, and if not, to determine the extent to which the rehabilitative alimony award represents support of the former wife. If the wife now derives support from another source, that portion of the rehabilitative alimony award should be terminated.
REVERSED and REMANDED.
DAUKSCH and COWART, JJ., concur.