ORFINGER, Chief Judge.
In this medical malpractice action, the trial court granted defendant’s motion for directed verdict at the close of plaintiffs evidence. Plaintiff appeals and we reverse.
Contrary to defendant’s contention, there was evidence presented from which a jury could conclude that the employees of the defendant hospital could have diagnosed plaintiffs condition on the three occasions when he came there complaining of severe abdominal pains, had he been checked properly. There was also testimony that when plaintiffs mother called the hospital on a fourth occasion to advise that plaintiff was still experiencing severe pain, she was told not to bring him back. Plaintiff’s medical expert testified that under the circumstances, this conduct deviated from the accepted standard of medical care, and that had the proper tests been performed, plaintiffs appendicitis could have been diagnosed before his appendix ruptured. This evidence is sufficient to show a causal relationship between the alleged negligent acts of defendant and the ultimate aggravation of plaintiff’s medical condition. See Eli Witt Cigar and Tobacco Company v. Matatics, 55 So.2d 549 (Fla.1951); Jacksonville Electric Co. v. Cubbage, 58 Fla. 287, 51 So. 139 (Fla.1910); Schwab v. Tolley, 345 So.2d 747 (Fla. 4th DCA 1977).
Because there was evidence, when viewed in the light most favorable to plaintiff, upon which a verdict for plaintiff could be sustained, the entry of a directed verdict for defendant was error. Reams v. Vaughn, 435 So.2d 879 (Fla. 5th DCA 1983); American Motors Corporation v. Ellis, 403 So.2d 459 (Fla. 5th DCA 1981).
REVERSED and REMANDED for a new trial.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.