449 So.2d 412 (1984)
Tanya Jean FAIRCLOTH, Appellant,
v.
Walter Eugene FAIRCLOTH, Jr., Appellee.
No. 83-1873.
District Court of Appeal of Florida, Second District.
May 4, 1984.
Douglas H. Smith, Lake Alfred, for appellant.
Lex Taylor, Lakeland, for appellee.
CAMPBELL, Judge.
Appellant appeals from an order of the trial court terminating rehabilitative alimony. The alimony provision in the final judgment, which the court below terminated, provided that the husband "shall pay to the wife for rehabilitative alimony the sum of $4,000 to be paid at the rate of $200 per month."
Appellant contends that the trial court erred in the final judgment by calling the lump sum award "rehabilitative alimony" rather than "lump sum alimony" for the purposes of equitable distribution. Even if we could, on this appeal, reach the final judgment provision, we would disagree with appellant. Even so, we conclude the trial judge acted properly in terminating the alimony and, therefore, we affirm.
Pursuant to section 61.08, Florida Statutes (1981), the trial court had discretion to choose between the two types of alimony. The testimony considered at trial and the language of the final judgment indicate that the trial judge deliberately chose the rehabilitative type of alimony. The lump sum nature of the award does not indicate that the lower court erroneously characterized the award as rehabilitative alimony. The purpose of the award, not the form, determines its character. See McCay v. McCay, 413 So.2d 814 (Fla. 1st DCA 1982). The trial court has discretion to determine how the payments will be made. § 61.08, Fla. Stat. (1981). Further, in regard to rehabilitative alimony, a lump sum award paid in installments has the same effect as an award of a fixed amount for a fixed period of time. (For example, a lump sum award of $4,800 in rehabilitative alimony, to be paid at the rate of $200 per month, has the same effect as $200 per month in rehabilitative alimony to be paid for two years.)
Appellant next claims that termination of her rehabilitative alimony, based upon her remarriage, was erroneous, citing Frye v. Frye, 385 So.2d 1383 (Fla. 2d DCA 1980). While Frye states that rehabilitative alimony does not automatically terminate upon remarriage, it does not prohibit a *413 trial judge from finding that remarriage or other changed circumstances of the recipient spouse has eliminated or altered the need for further rehabilitative alimony. Here, the trial judge properly made such a determination. The recipient spouse has remarried and obtained employment through the family business of her new spouse. She is no longer in the training position she had at the time of the final judgment, and she is making no attempt to improve her job skills aside from the job at the family business. Appellant has made no showing of her continuing need for rehabilitative alimony. Therefore, we find that the trial court properly terminated the award of rehabilitative alimony.
For the reasons stated above, we affirm.
SCHOONOVER and LEHAN, JJ., concur.