466 So.2d 1127 (1985)
CITY OF HIALEAH, Appellant,
v.
Lea Ann WEATHERFORD, As Personal Representative of the Estate of Ira N. Green, Deceased, Appellee.
No. 84-594.
District Court of Appeal of Florida, Third District.
March 19, 1985.
Rehearing Denied April 23, 1985.
*1128 Squire, Sanders & Dempsey and Sandra S. Barker and Kenneth L. Ryskamp, Miami, for appellant.
Preddy, Kutner & Hardy and G. William Bissett, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
BASKIN, Judge.
The City of Hialeah [city] appeals a final judgment entered in a wrongful death action. The judgment, entered pursuant to a jury verdict, awarded damages to the estate and widow of Ira N. Green. The jury found that city paramedics, answering an emergency call, were negligent in failing to examine Green when they arrived at his residence, that the city was liable for the paramedics' negligence in connection with Green's death, and that Green was comparatively negligent. We affirm.
On February 13, 1982, Green's daughter, Lea Ann Weatherford, placed an emergency telephone call to a dispatcher for the city and related that her father was having chest pains and might be having a heart attack. The dispatcher sent two paramedics to Green's residence, advising them that the situation involved a possible heart attack. When the paramedics arrived, they found Green nude and smelling of alcohol. Green made no complaints, and the paramedics left without examining him. The following day, paramedics were again called to Green's residence. This time they found Green incoherent, cyanotic, and incontinent. The paramedics took Green to Hialeah Hospital where he was treated for pneumonia. Later that day, Green died of an acute myocardial infarction. Appellee instituted an action for wrongful death which culminated in the final judgment under review.
In its appeal, the city argues that appellee neglected to establish a causal connection between the paramedics' failure to examine Green on February 13, 1982, and Green's death the next day. The city asserts that the testimony of appellee's expert witness was insufficient to establish the causal link because no factual basis for his opinion was introduced at trial.[*] Finding that the expert testimony was both competent and sufficient to support the jury verdict, we reject the city's argument.
Section 90.705, Florida Statutes (1981) provides:
Disclosure of facts or data underlying expert opinion. 
(1) Unless otherwise required by the court, an expert may testify in terms of opinion or inferences and give his reasons without prior disclosure of the underlying facts or data. On cross-examination he shall be required to specify the facts or data.
(2) Prior to the witness giving his opinion, a party against whom the opinion or inference is offered may conduct a voir *1129 dire examination of the witness directed to the underlying facts or data for his opinion. If the party establishes prima facie evidence that the expert does not have a sufficient basis for his opinion, the opinions and inferences of the expert are inadmissible unless the party offering the testimony establishes the underlying facts or data. (emphasis supplied)
Thus, the statute eliminates the requirement formerly placed on the party calling an expert witness to present underlying data and factual support for expert testimony. Under current law, the burden of challenging the sufficiency of the basis for the opinion rests with the party against whom it is offered.
The record reflects that the city failed to challenge the factual basis for Dr. Straub's opinion, either in voir dire or in cross-examination. His opinion was, therefore, admissible to establish a causal connection between the paramedics' conduct and Green's death, and was legally sufficient for consideration by the jury in determining the city's negligence. See H.K. Corp. v. Estate of Miller, 405 So.2d 218 (Fla. 3d DCA 1981); Quinn v. Millard, 358 So.2d 1378 (Fla. 3d DCA 1978). The record contains competent evidence to support the jury verdict; accordingly, we are required to affirm the final judgment. Helman v. Seaboard Coast Line R.R., 349 So.2d 1187 (Fla. 1977).
Appellant's remaining points are devoid of merit.
Affirmed.
NOTES
[*] Dr. Edward J. Straub, the expert witness called by appellee, testified:

Q. Doctor, based on your experience and your review of these materials, do you have an opinion within a reasonable degree of medical probability as to whether proper management by fire/rescue on February 13th, 1982, more likely than not would have enabled Ira Green to survive?
MR. WELCHER: Objection to the form.
THE COURT: Overruled.
THE WITNESS: I would go further and say that management depended on assessment and there was no assessment made.
BY MR. THOMPSON:
Q. And, Doctor, my question is if there had been proper assessment and proper management then was it more likely than not that Ira Green would have survived?
A. Yes.