FERGUSON, Judge.
The former wife, Carol Karch, appeals a summary judgment granted the former husband, David Hoffman, on his motion to terminate alimony based on Carol’s remarriage.
At issue is paragraph E of the final judgment dissolving the parties’ marriage:
E. In regards to the Wife’s alimony it appears that she has a master’s degree in business education and has in the immediate past been employed as a part time instructor at Miami Dade Junior college. During the formative years of the children, and to enable the Wife to continue to be a full time parent (recognizing that there is to be shared parental responsibility), the Husband shall pay to the Wife the sum of Two Thousand Five Hundred ($2,500.00) Dollars per month, which amount shall be paid for a period of seven (7) years from this date, payable from the date of the entry of this Judgement. At that point in time, the children will be eighteen (18) and fifteen (15) respectively. As was stated in Canakaris v. Canakaris, 382 So.2d 1197, she will then be in a position to secure ‘the redevelopment of previous skills or provision of the training necessary to develop potential supportive skills.’ For this purpose, the Court then awards the sum of One Thousand Five Hundred ($1,500.00) Dollars per month, terminating at the end of three (3) years. The aforesaid sums are adequate and necessary to meet the needs of the Wife and are within the Husband’s ability to pay.
David contends that paragraph E refers to rehabilitative alimony and that the third district has held that remarriage of the recipient spouse automatically terminates the right to receive rehabilitative alimony, relying on Blackmon v. Blackmon, 307 So.2d 887 (Fla. 3d DCA 1974). We do not read Blackmon to automatically terminate rehabilitative alimony on remarriage. In Blackmon the court found a change of circumstances, which could have been the remarriage “to a gentleman possessed of ample funds to support [the ex-wife],” rather than the mere fact of a remarriage. Other districts in Florida are in accord. See Frye v. Frye, 385 So.2d 1383 (Fla. 2d DCA 1980) (unless the parties specifically agree, rehabilitative alimony does not necessarily terminate on the remarriage of the recipient). See also Greene, Termination of Rehabilitative Alimony Upon Remarriage: Questions, But No Answers, Fla. B.J., Dec. 1986, at 25.[1]
However, resolution of the remarriage-rehabilitative alimony controversy may be reserved for another day. Although paragraph E speaks of alimony, we are of the view that the award'is, in effect, a form of additional child support. Whether an award is alimony, as a matter of law, must be determined not by what it is called, but by what it does. Underwood v. Underwood, 64 So.2d 281 (Fla.1953) (use of the word “alimony” in a divorce decree is not *1231 conclusive since it is the substance and not the form which is controlling); Boyd v. Boyd, 478 So.2d 356 (Fla. 3d DCA 1985), rev. denied, 488 So.2d 67 (Fla.1986); Zuccarello v. Zuccarello, 429 So.2d 68 (Fla. 3d DCA 1983). The duration of the periodic payments described in the first part of paragraph E is fixed by the age of the youngest child. Although termed “alimony” the true purpose of those payments, as contemplated by the parties and the court, is to enable the wife to continue as a full-time parent until the youngest child reaches age fifteen.
Carol testified by affidavit that termination of David’s payments would require her to seek outside employment and force a premature end to her work as a full-time mother — notwithstanding her remarriage. There is no showing of an ability of the new husband to support Carol, or any other change of circumstances to justify reducing the payments which were found necessary to provide full-time parenting for the children.
For a party to obtain a reduction in a child-support obligation it is essential, in most cases, to show a decrease in the needs of a child or the ability of the parent to pay. The change in ability to pay “must be significant, material, involuntary and permanent in nature.” Deatherage v. Deatherage, 395 So.2d 1169 (Fla. 5th DCA), rev. dismissed, 402 So.2d 609 (Fla.1981). Mr. Hoffman has not presented any evidence of a substantial reduction in his ability to continue to meet the child-support payments scheduled in paragraph E, or á decrease in the amount needed to provide full-time parenting.
We leave for determination at a later date whether the remarriage, or other change in circumstances, requires termination of the rehabilitative alimony described in the second part of paragraph E.
Accordingly, we reverse the summary judgment for David and remand for entry of a summary judgment for Carol.

. Greene cites a fifth district opinion, Bentzoni v. Bentzoni, 442 So.2d 235 (Fla. 5th DCA 1983) which interprets this court’s opinion in Blackmon v. Blackmon as holding "unequivocally” that the remarriage of the recipient spouse automatically terminates rehabilitative alimony.