550 So.2d 527 (1989)
Jimmy Lee BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2710.
District Court of Appeal of Florida, First District.
October 19, 1989.
*528 Michael E. Allen, Public Defender, Carl S. McGinnes, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., John M. Koenig, Jr., Asst. Atty. Gen., for appellee.
WENTWORTH, Judge.
Appellant seeks review of a judgment of conviction and sentence for the offense of aggravated battery, arguing that the state was improperly allowed to use a knife and styrofoam head as demonstrative exhibits. We find that it was within the court's discretion to allow the use of these exhibits during the victim's testimony, and that appellant's counsel did not seek any curative instruction or clearly request a mistrial upon the further use of the exhibits during closing argument. The record fails to demonstrate such prejudice as would constitute fundamental error, and we therefore affirm the appealed orders.
Appellant was tried on a charge of attempted murder. Various witnesses testified that appellant, after an argument with the alleged victim, obtained a knife and stabbed the victim three times in the head. The knife broke, the victim became unconscious, and when she awoke appellant struck her on the head with a fan. During the course of the trial the court allowed the state to use a knife and a styrofoam head as demonstrative exhibits. It was established that the knife was similar to the one used by appellant before it broke, and that the styrofoam head was approximately the same size as the victim's head. These items were not received into evidence, but were used during the victim's testimony, over appellant's objection, for illustration and comparison. The victim was allowed to mark the styrofoam head so as to depict the three stab wounds which were inflicted by appellant.
At the commencement of the proceeding appellant's counsel asserted that while appellant may have been arguing with the victim and "cut" her, he did not intend to kill her. Appellant maintained this defense throughout the trial, asserting it again when unsuccessfully moving for a judgment of acquittal, and at closing argument.
During the state's closing argument the prosecutor directed the jury's attention to the styrofoam head where the victim's wounds were marked, and argued as to the intended effect of appellant's actions. Appellant's counsel's objection was overruled, and the prosecutor thereafter repeatedly inserted the demonstrative knife into the styrofoam while asking the jury to compare the diverse insertions when addressing appellant's intent. Appellant's counsel again objected, noting that no testimony had been presented as to the depth of the victim's wounds or the force used by appellant, and contending that the prosecutor was inserting the knife with more force and pressure than was necessary. Appellant's counsel suggested that "it's improper argument, and it's grounds for mistrial, I do believe." The court overruled the objection and did not grant a mistrial, allowing the prosecutor to continue with the demonstration and argument. The case was eventually submitted to the jury, and appellant was convicted of the lesser charge of aggravated battery.
Demonstrative exhibits to aid the jury's understanding may be utilized when relevant to the issues in the case, but only if the exhibits constitute an accurate and reasonable reproduction of the object involved. See Wade v. State, 204 So.2d 235 (Fla. 2d DCA 1967); Alston v. Shiver, 105 So.2d 785 (Fla. 1958). The determination as to whether to allow the use of a demonstrative exhibit is a matter within the trial court's discretion. See generally, First Federal Savings & Loan v. Wylie, 46 So.2d 396 (Fla. 1950). The demonstrative exhibits which the state used during the victim's testimony in the present case, in order to depict the knife before it was broken and the extent of the victim's stab wounds, were sufficiently accurate replicas to be allowable within the court's discretion.
*529 As to the state's use of the demonstrative exhibits during closing argument, when the prosecutor inserted the knife into the styrofoam head, the record does not establish any alleged inaccuracy of this replication sufficient to demonstrate error. While appellant's counsel objected, and expressed a belief that the argument was grounds for a mistrial, counsel did not seek any curative instruction or state either in form or substance a motion for mistrial. Without such a request, and absent any fundamental error, the challenged argument will not serve as a basis for reversal on appeal. See Clarke v. State, 363 So.2d 331 (Fla. 1978); Lynn v. State, 395 So.2d 621 (Fla. 1st DCA 1981).
Although appellant's counsel described the prosecutor as "inserting the knife ... with some force and with some pressure, I think more than is required," the record does not otherwise delineate the severity or intensity of this demonstration. The case is thus unlike Spriggs v. State, 392 So.2d 9 (Fla. 4th DCA 1981), where the force required to stab a knife into the rail of the jury box was readily apparent. The record in the present case does not show an action of similar intensity, nor does it show the depth to which the prosecutor inserted the knife into the styrofoam head. The record is likewise inconclusive as to whether the victim's wounds were limited to lacerations and tissue damage, or also included damage to the skull. However, it was established that appellant inflicted multiple stab wounds requiring sutures in the victim's face and head, and that appellant used such force that the knife broke during the attack. The record does not indicate that during closing argument the prosecutor used excessive force or any other action beyond that consistent with the evidence as to the multiple stab wounds inflicted by appellant.
At the commencement of closing argument the court cautioned the jury that "what the attorneys say is not evidence," and that their "arguments are persuasive only, ... for the purpose of helping you evaluate the evidence." The jury rejected the state's argument regarding appellant's intent, acquitting him of the attempted murder charge and convicting only of the lesser aggravated battery offense. The record contains overwhelming evidence as to appellant's commission of this lesser offense, and negates any reasonable possibility that appellant's conviction resulted from the challenged demonstration. No fundamental error or undue prejudice has been shown with regard to the prosecutor's use of the demonstrative exhibits during closing argument, and the decision to allow their use was otherwise within the trial court's discretion.
The judgment of conviction and sentence appealed are affirmed.
ERVIN, J., concurs.
ZEHMER, J., concurs and dissents with written opinion.
ZEHMER, Judge (dissenting and concurring).
I agree with the majority that the trial court acted within the scope of its discretion in permitting use of the knife and styrofoam head as demonstrative exhibits during the victim's testimony.
I vigorously disagree with the majority's treatment of the prosecutor's conduct during argument in stabbing the styrofoam head with the knife. The evidence from the victim and other witnesses established only that the victim's scalp was cut at three different places; there was no evidence of any penetration of the skull by the knife. Although the victim, while testifying, could have been permitted to demonstrate how the defendant stabbed her by using the knife and styrofoam head, she did not do so. The prosecutor was not a witness, and it was highly improper for him to reenact this demonstration. The evidence proved only cuts of the skin covering the skull. Despite the lack of evidence of penetration of the skull, the prosecutor stabbed the styrofoam head during argument in such a fashion as to insert the blade three times. The prosecutor's action did not accord with the evidence, but was highly misleading and prejudicial to the defendant's right to a fair trial. It was, in my view, the same *530 kind of improper conduct condemned by the fourth district in Spriggs v. State, 392 So.2d 9 (Fla. 4th DCA 1981), where the prosecuting attorney stabbed a knife into the rail of a jury box.
The majority opinion approves the prosecutor's conduct in part on the premise that the record does not demonstrate the force with which he stabbed the styrofoam head during his final argument. Thus, the opinion states that the record is "inconclusive" both as to the "depth to which the prosecutor inserted the knife into the sytrofoam head" and "as to whether the victim's wounds were limited to lacerations and tissue damage, or also included damage to the skull."[1] But why the inconclusiveness of the record to prove these facts should justify a demonstration during final argument that asserts the unproven facts as true defies logic. This record established only that the victim's face and scalp were lacerated, and the victim did not demonstrate the manner and force of the attack using a knife and the styrofoam head during her testimony. For the prosecutor, during argument, to perform such a demonstration by stabbing the knife into the "head" rather than lacerating it, thus going beyond the facts proven of record, was highly improper.
More importantly, however, the majority approves the prosecutor's conduct because the record does not demonstrate that the prosecutor used excessive force in stabbing the styrofoam head and concludes that the lack of proof of excessive force distinguishes Spriggs v. State from this case. In my view, this rationale completely misses the point of appellant's argument and the basis of the error committed. In Spriggs the prosecutor stabbed the jury rail during argument. Nothing in any of the three opinions filed in that case suggests that the error stemmed from the excessiveness of the force used rather than the act of stabbing the jury rail. Clearly, it is not the excessiveness of the force used by the prosecutor in stabbing the head that was improper; rather, the error stems from the fact that the prosecutor engaged in an impermissible demonstration during argument that served only to inflame the jury and cause the verdict to rest upon emotional grounds rather than the truth of the facts proven by the evidence presented. Spriggs v. State, 392 So.2d 9. I cannot agree that the law should or does countenance such a practice.
While I would treat this misconduct as fundamental error, we need not do so in this case because defense counsel objected several times to this manner of argument, and at least once said this was grounds for a mistrial. Each time, the court overruled the objection. I am satisfied that these objections were sufficient to preserve the error for review on appeal.
The state's brief does not argue that the error complained of was harmless under the circumstances. Nevertheless, I am willing to agree with the majority's view that appellant suffered no prejudice as a result of this error because the jury acquitted him of attempted murder and found him guilty of the lesser included offense of aggravated battery, an offense clearly proved by the evidence. In so doing, the jury seemingly rejected the prosecutor's argument on intent so vigorously demonstrated with the knife and styrofoam exhibit. But treating the error as harmless under these circumstances is a far cry from giving approval to the prosecutor's blatant misconduct. I must, therefore, express in the strongest words possible my dissent to any suggestion supporting the propriety of this misconduct during final argument.
NOTES
[1] Although the knife broke during the episode, the record is equally inconclusive as to the cause of the damage other than that it occurred during the attack. Certainly this fact did not justify the prosecutor's demonstration during argument in this case.