VICTOR CAWTHON (Retired), Associate Judge.
This is an appeal from a denial of a motion for termination of alimony. We affirm.
The marriage of the parties was dissolved by a final judgment of dissolution in December of 1984, at which time the appellant was ordered to pay temporary rehabilitative alimony to the appellee in the sum of $200.00 per week for a period of 260 weeks. On September 30, 1987, the appellee filed a motion alleging that the appellant was in arrears in his alimony payments. She sought a finding of contempt and an order compelling immediate payment of the ar-rearage. The appellant subsequently filed a motion to modify the final judgment of dissolution arguing that there had been a substantial material change in circumstances. More particularly, appellant argued that not only was he unable to pay the alimony, but that the appellee had remarried and was no longer entitled to rehabilitative alimony.
Following several evidentiary hearings, the trial court granted the wife’s motion and rejected the husband’s request for termination of rehabilitative alimony. The trial court thoroughly reviewed the case law and concluded that remarriage of a recipient spouse is only one of the factors to be considered in determining whether a material change of substantial circumstances has occurred so as to necessitate modification or termination of rehabilitative alimony, citing Frye v. Frye, 385 So.2d 1383 (Fla. 2d DCA 1980), and Markham v. Markham, 485 So.2d 1299 (Fla. 5th DCA 1986).
On appeal, the appellant argues that the sole issue for our consideration is whether or not remarriage of a recipient spouse should require automatic termination of rehabilitative alimony as of the date of remarriage. According to the appellant, the districts are divided on the issue. Appellant notes that this court has stated, in dictum, that remarriage of a recipient spouse would require termination of rehabilitative alimony, citing Cann v. Cann, 334 So.2d 325 (Fla. 1st DCA 1976). However, the appellant correctly observes that this court, in a later decision, held that the statement made in Cann that rehabilitative alimony should be terminated upon remarriage was dictum and consequently had no binding effect on later decisions. Kissinger v. Mason, 436 So.2d 1049 (Fla. 1st DCA 1983). The appellant further notes that the Second and Fifth Districts have specifically ruled that rehabilitative alimony does not automatically terminate upon remarriage of the recipient spouse. Frye v. Frye, supra; Maas v. Maas, 438 So.2d 1068 (Fla. 2d DCA 1983); Faircloth v. Faircloth, 449 So.2d 412 (Fla. 2d DCA 1984); Bentzoni v. Bentzoni, 442 So.2d 235 (Fla. 5th DCA 1983); and Markham v. Markham, supra.
The appellant argues that the Third District Court of Appeal has ruled that remarriage of a recipient spouse requires automatic termination of the right to receive rehabilitative alimony, citing Blackmon v. Blackmon, 307 So.2d 887 (Fla. 3d DCA 1974). However, in Karch v. Hoffman, 534 So.2d 1229 (Fla. 3d DCA 1988), the Third District clarified its holding in Black-mon. In Karch, a former wife had appealed the summary judgment granted her former husband on his motion to terminate alimony, based on the former wife’s remarriage. On appeal, the Third District stated:
We do not read Blackmon to automatically terminate rehabilitative alimony on remarriage. In Blackmon, the court found a change in circumstances, which could have been the remarriage ‘to a gentleman possessed of ample funds to support [the ex-wife],’ rather than the mere fact of remarriage. Other districts *323 in Florida are in accord, [citing Frye, supra]....
However, resolution of the remarriage-rehabilitative alimony controversy may be reserved for another day.... We are of the view that the award is, in effect, a form of additional child support [in this case].
534 So.2d at 1230. The Third District’s characterization of its holding in Blackmon suggests that there is no case law explicitly holding that rehabilitative alimony automatically terminates upon remarriage of the recipient spouse.
We likewise believe it would be unwise to require automatic termination of rehabilitative alimony upon remarriage of a recipient spouse. Rather, the better approach is to require a paying spouse to show a material and substantial change in circumstances.
Accordingly, the order below is AFFIRMED.
MINER, J., concurs.
ZEHMER, J., dissents with written opinion.