DANAHY, Acting Chief Judge.
In this appeal and cross-appeal from the final judgment dissolving the marriage of the parties, we find merit in only one of the issues raised. After careful scrutiny of the widely varying claims of the parties, the trial court fashioned a comprehensive judgment utilizing several remedies to accomplish equity and justice between them. In the totality of the circumstances, we find no abuse of discretion in the scheme devised by the court. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). In its award of rehabilitative alimony in periodic payments, however, the court provided that the payments were to terminate upon the death of either party or the remarriage of the wife. While there is conflict among the district courts of appeal whether rehabilitative alimony automatically terminates upon remarriage, see Bentzoni v. Bentzoni, 442 So.2d 235 (Fla. 5th DCA 1983) and the cases cited therein, this court disapproves of automatic termination on such a ground. *69 Frye v. Frye, 385 So.2d 1383 (Fla. 2d DCA 1980). Nevertheless, we have held that a trial court may properly consider remarriage as a circumstance which can, but does not necessarily, eliminate the need for further rehabilitative alimony. Faircloth v. Faircloth, 449 So.2d 412 (Fla. 2d DCA 1984).
Therefore, we strike the impermissible clause from the final judgment and affirm in all other respects.
Affirmed as modified.
LEHAN and PATTERSON, JJ., concur.