COBB, Judge.
The wife, Susan Perez, appeals a final judgment of dissolution and raises multiple points on appeal. We address her contention that it was error for the trial court to provide that the award to her of rehabilitative alimony in the amount of $1,100.00 per month for 48 months “shall terminate ... in the event of (her) remarriage.... ” She contends that this automatic termination of rehabilitative alimony in the event of remarriage is contrary to prior case precedent from this district. See Markham v. Markham, 485 So.2d 1299 (Fla. 5th DCA 1986); Bentzoni v. Bentzoni, 442 So.2d 235 (Fla. 5th DCA 1983).[1]
We agree that this provision m the final judgment relating to automatic termination of rehabilitative alimony must be stricken. When requested, such a determination should be made by the trial court at the time of remarriage based upon the particular circumstances of the parties rather than merely the legal relationship, as indicated in Bentzoni. Accordingly, we strike the provision relating to automatic termination of rehabilitative alimony upon remarriage. The judgment below is otherwise affirmed.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
DAUKSCH and PETERSON, JJ., concur.

. For a contrary determination, see Blackmon v. Blackmon, 307 So.2d 887 (Fla. 3d DCA 1974).