600 So.2d 507 (1992)
TEICHNER & MELLA, P.A., Ronald Teichner, M.D., and Enrique Mella, M.D., Appellants,
v.
Patrice BUTLER, By and Through her parents and next friends Patricia FULTON and Anthony Butler, and Patricia Fulton, individually, Appellees.
No. 91-772.
District Court of Appeal of Florida, Third District.
June 9, 1992.
*508 Rhea P. Grossman, Miami, for appellants.
James C. Blecke, Karen A. Gievers, Miami, for appellees.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
This is an appeal by the defendants Teichner & Mella, P.A., Ronald Teichner, M.D. and Enrique Mella, M.D. from a final judgment which was entered below based on an adverse jury verdict in a medical malpractice action. The defendants raise three points on appeal; we affirm.
First, the defendants contend that the trial court erred in denying their motion for a directed verdict on the issue of causation. We disagree. Without burdening this opinion with the detailed recitation of the facts adduced below, suffice it to say that ample evidence was presented to the jury tending to establish (1) that the defendants were negligent in their prenatal treatment of the plaintiff Patricia Fulton, and (2) that such negligence was a substantial, contributing cause of the damages sustained by the plaintiffs. To upset the verdicts returned below on the causation issue, as urged, would require us to re-weigh and reevaluate the evidence in the record on appeal and to substitute our judgment for that of the trier of fact; we are specifically prohibited from engaging in such a process. See, e.g., Helman v. Seaboard Coast Line R.R., 349 So.2d 1187, 1189 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13, 16 (Fla. 1976); Brown v. North Broward Hosp. Dist., 521 So.2d 143, 146 (Fla. 4th DCA 1988); Mt. Sinai Hosp. of Greater Miami, Inc. v. Medina, 484 So.2d 638 (Fla. 3d DCA 1986); City of Hialeah v. Weatherford, 466 So.2d 1127 (Fla. 3d DCA 1985); Singleton v. West Volusia Hosp. Auth., 442 So.2d 235 (Fla. 5th DCA 1983); Schwab v. Tolley, 345 So.2d 747 (Fla. 4th DCA 1977).
Second, the defendants contend that the trial court erred in denying their motion for directed verdict on the issue of informed consent. The jury by special interrogatory verdict found the defendants guilty of general medical negligence, separate and apart from the issue of informed consent. Assuming without deciding that the trial court erred in failing to direct a verdict for the defendants on the issue of informed consent, the final judgment is fully supported by the jury's special interrogatory finding on the issue of general medical negligence; the error, if any, in failing to direct a verdict for the defendants on the informed consent issue was, accordingly, harmless under the two-issue rule. See Colonial Stores, Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1978); Florida Patient's Compensation Fund v. Sitomer, 524 So.2d 671 (Fla. 4th DCA 1988), quashed on other grounds sub nom., Smith v. Sitomer, 550 So.2d 461 (Fla. 1989).
Third, the defendants contend that the trial court erred in denying their motion for a new trial based on two alleged evidentiary errors. The first of these claimed evidentiary errors was, according to the defendants, highly prejudicial to them on the issue of informed consent. Because the jury found for the plaintiffs on the issue of general medical negligence apart from the issue of informed consent, the evidentiary error, if any, was entirely harmless. See DiGuilio v. State, 491 So.2d 1129, 1139 (Fla. 1986); Tollefson v. State, 525 So.2d 957, 961 (Fla. 1st DCA 1988); Seaboard Coast Line R.R. v. Magnuson, 288 So.2d 302, 303 (Fla. 4th DCA), cert. denied, 297 So.2d 30 (Fla. 1974); Stecher v. Pomeroy, 244 So.2d 488 (Fla. 4th DCA), writ discharged, 253 So.2d 421 *509 (Fla. 1971); § 59.041, Fla. Stat. (1989). The second of the claimed evidentiary errors presents, in our view, no error at all. First Federal Sav. & Loan Ass'n of Miami v. Wylie, 46 So.2d 396, 400 (Fla. 1950); Brown v. State, 550 So.2d 527, 528 (Fla. 1st DCA 1989), rev. denied, 560 So.2d 232 (Fla. 1990); see Ephrem v. Phillips, 99 So.2d 257, 263 (Fla. 1st DCA 1957) (on rehearing). The defendants' motion for new trial was, therefore, properly denied.
The final judgment under review is, in all respects,
Affirmed.