BENTON, Judge.
William Terrance Busch appeals a final judgment awarding alimony on grounds it is unsupported by the evidence, unjustified by the trial court’s findings, improperly awards “additional alimony notwithstanding her [re-jmarriage” on the basis of the mere possibility of his receiving disability retirement benefits in the future, and reserves jurisdiction to award additional alimony in the event he receives no retirement benefits at all, again even in the event Julia Ann Busch has remarried.
The evidence and the trial court’s findings, see section 61.08(1), Florida Statutes (1993) (“the court shall include findings of fact ... supporting an award or denial of alimony”) are more than adequate to justify awards of alimony, both rehabilitative and permanent periodic. We nevertheless remand, because the final judgment does not distinguish between these two types of award. Rehabilitative alimony may survive the awardee’s remarriage, Owens v. Owens, 559 So.2d 321, 323 (Fla. 1st DCA1990), while permanent periodic alimony cannot. Canakaris v. Canakaris, 382 So.2d 1197, 1201 (Fla.1980). If the trial court orders periodic alimony, it retains jurisdiction to revisit the question of alimony as long as Mrs. Busch’s entitlement to receive alimony lasts, but the trial court has no authority to order permanent periodic alimony after her remarriage.
Reversed and remanded.
MINER and WEBSTER, JJ., concur.